## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**STEPHEN KORSHAK AND ALMA KORSHAK,**

**Plaintiff(s),**　　　　　　　　　**CIVIL ACTION**

**v.**　　　　　　　　　　　　　　　**CASE NO:**

**FEDERAL INSURANCE COMPANY,**

**Defendant.**

_____/

## NOTICE OF REMOVAL

TO THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION:

Defendant, FEDERAL INSURANCE COMPANY ("Defendant"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, gives notice of removal of the above-captioned action, Case Number 21-CA-010568-O, pending in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, and hereby removes this action to the United States District Court for the Middle District of Florida – Orlando Division. In support of this Notice of Removal, Defendant states as follows:

1.     On or about November 3, 2021, Plaintiffs, STEPHEN AND ALMA KORSHAK (hereinafter "Plaintiffs"), filed a Summons and Complaint bearing Case

Number 21-CA-010568-O in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida.

2. FEDERAL INSURANCE COMPANY is the sole defendant named in the Complaint filed by the Plaintiffs on November 3, 2021, in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, Case Number 21-CA-010568-O, styled as *Stephen Korshak and Alma Korshak v. Federal Insurance Company*. *See* Complaint, attached as **Exhibit 1**.

3. Defendant was served with Plaintiffs' Summons and Complaint on or about December 2, 2021. *See* Notice of Service of Process, attached as **Exhibit 2**.

4. The United States District Court for the Middle District of Florida is the Court embracing the place wherein such action is pending in state court.

5. This removal is effected and has been timely filed within one (1) year after commencement of the action and, as the case stated by the initial pleading was not removable, within thirty (30) days after Defendant received Plaintiffs' damage estimate from Apex Roofing & Restoration on January 4, 2022, confirming the amount in controversy is in excess of $75,000.00, from which it may be ascertained that this case is now removable pursuant to 28 U.S.C. § 1446(b)(3). The damage estimate constitutes an "other paper" pursuant to 28 U.S.C. § 1446(b)(3) and is attached hereto as **Exhibit 3.**

6. This Court has jurisdiction over this matter, and it is properly removed

2

to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

7.     Pursuant to 28 U.S.C. § 1446(a), a copy of all pleadings filed in the record of the State Court action are attached hereto along with a copy of the docket as **Exhibit 4**.

8.     For the purposes of diversity of citizenship under 28 U.S.C. § 1332(c)(2), Plaintiffs, STEPHEN KORSHAK AND ALMA KORSHAK, are citizens of the state of Florida, residing in Orange County, Florida. *See* Property Record from the Orange County Property Appraiser's website, attached hereto as **Exhibit 5**, identifying Plaintiffs as the owners of the subject property located at 201 Colony Springs Lane, Maitland, Florida 32751 with a homestead tax exemption.

9.     Defendant is an Indiana corporation and maintains its principal place of business in New Jersey. *See* Indiana Division of Corporations Entity Search, attached hereto as **Exhibit 6**, showing that Defendant is incorporated in Indiana and has its principal place of business at 15 Mountain View Road, Warren, New Jersey, 07061. Defendant is not a citizen of Florida.

10.     This action is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, in that all properly joined and served parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

11.     Plaintiffs allege that Defendant issued insurance Policy Number

3

001392855601 (the "Policy") to the Plaintiffs to insure certain real property located at 201 Colony Springs Lane, Maitland, Florida 32751 (the "Property"). *(Plaintiffs' Complaint at ¶ 5, ¶ 6).*

12.    Plaintiff alleges that "Defendant's refusal to reimburse Plaintiffs adequately for damages and otherwise make Plaintiffs whole constitutes a breach of contract." *(Plaintiffs' Complaint at ¶ 13).*

13.    Although the total amount sought by Plaintiffs was not stated in the Complaint, Defendant bases its belief that the amount in controversy exceeds $75,000.00 on the Apex Roofing & Restoration Estimate provided by Plaintiffs' counsel on January 4, 2022, a copy of which is attached hereto as **Exhibit 3**, which estimates the replacement cost value ("RCV") for Plaintiffs' alleged damages as $221,069.17. To date, FEDERAL INSURANCE COMPANY has not made any payments on this claim.

14.    Furthermore, given that Plaintiffs seek recovery for extensive damage to the insureds Property, and in addition seeks reimbursement of attorney's fees pursuant to Florida Statutes §§ 627.428 and 626.9373 *(Plaintiffs' Complaint at ¶ 16)*, it appears a reasonable probability that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See Kotchman v. State Farm Mut. Auto. Ins. Co.*, 2015 U.S. Dist. LEXIS 153918 (M.D. Fla. 2015) (district courts are permitted to make "reasonable deductions" and "reasonable inferences" in

4

determining whether the case meets federal jurisdictional requirements); *See also Bowers v. Scottsdale Ins. Co.*, 2021 U.S. Dist. LEXIS 6054 (S.D. Fla. 2021) (concluding that because the plaintiffs sought an award of attorney's fees as set forth by Florida Statutes §§ 627.428 and 626.9373, which authorize a court to award such fees to the beneficiary under an insurance policy, and plaintiffs would be entitled to an award of attorney's fees under Florida Statutes §§ 627.428 and 626.9373 should they prevail, plaintiffs' attorney's fees can be included in the amount in controversy calculation).

15.     Pursuant to 28 U.S.C. § 1446(d), Plaintiffs are being provided with a copy of this Notice of Removal and a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida.

16.     By filing this Notice of Removal, Defendant does not waive, and hereby reserves all defenses and objections to the Plaintiffs' Summons and Complaint including, but not limited to, failure to state a claim, lack of personal jurisdiction, improper venue and/or insufficiency of service of process.

**WHEREFORE**, the Defendant, FEDERAL INSURANCE COMPANY, respectfully requests that the above-referenced action pending in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, Case Number 21-CA-010568-O, be removed from that court to the United States District Court for

the Middle District of Florida – Orlando Division. This Court has jurisdiction over the dispute because all properly joined parties are completely diverse and the jurisdictional amount has been met.

Respectfully dated this 24th day of January, 2022.

### CLAUSEN MILLER P.C.

By: _/s/ Douglas M. Cohen_
DOUGLAS M. COHEN, ESQ., FBN: 40857
4830 West Kennedy Blvd., Suite 600
Tampa, FL 33609
Tel: (813) 519-1013
dcohen@clausen.com
karmour@clausen.com
lbaez@clausen.com
Counsel for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 24, 2022, I electronically filed the foregoing document with the Clerk of Court via CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record.

### CLAUSEN MILLER P.C.

By:  /s/ _Douglas M. Cohen_
Douglas M. Cohen, Esq.,
FBN: 40857

6

**IN THE CIRCUIT COURT OF THE
NINETH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA**

**CASE NUMBER:**

**STEPHEN KORSHAK AND ALMA KORSHAK,**

     **Plaintiffs,**

**v.**

**FEDERAL INSURANCE COMPANY,**

     **Defendant.**

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiffs Stephen Korshak and Alma Korshak, by and through their undersigned counsel hereby sue Defendant, Federal Insurance Company and allege as follows:

1. This is an action for breach of contract with damages more than Thirty Thousand Dollars ($30,000.00), exclusive of interest, costs, and attorney's fees.

2. At all times material hereto, Plaintiffs were and are Florida residents.

3. Defendant is upon information and belief, a corporation duly authorized to conduct business in the State of Florida, and which does issue policies of insurance in Orange.

4. Jurisdiction and venue of this matter are proper in Circuit Court for Orange County, Florida.

5.    At all times material hereto there was in full force and effect a homeowner's property insurance policy believe to be 001392855601. A formal copy of the Plaintiffs' Policy is not currently in the possession of Plaintiffs, but is well known to Defendant, and has been requested by Plaintiffs through a Request to Produce (which has been served upon Defendant contemporaneously with this Complaint). See: <u>Equity Premium, Inc. v. Twin City Fire Ins. Co.,</u> 956 So.2d 1257 (Fla 4th DCA 2007); <u>Amiker v. Mid-Century Ins. Co.,</u> 398 So.2d 974 (Fla 1st DCA 1981); <u>Parkway General Hospital, Inc. v. Allstate Ins. Co.,</u> 393 So.2d 1171 (Fla. 3rd DCA 1981) and <u>Sasche v. Tampa Music Co.,</u> 262 So.2d 17( Fla. 2nd DCA 1972).

6.    Under Policy's terms, Defendant insured the Plaintiffs against certain losses to Plaintiffs' home located in Orange County at 201 Colony Springs Lane, Maitland, FL 32751 (the "Property").

7.    On or about 4/11/2021, while the policy was in full force and effect, the Property sustained damage that was covered under the Policy as a result of hail and wind.

8.    Plaintiffs filed a claim with Defendant that was assigned Claim Number 076921015430.

## COUNT I - BREACH OF CONTRACT AGAINST DEFENDANT

Plaintiffs Stephen Korshak and Alma Korshak by and through the undersigned attorney sue Defendant Federal Insurance Company and allege as follows:

9.    Plaintiffs re-allege paragraphs 1 through 8 above and incorporate the same by reference herein.

10.    Plaintiffs are the named insureds under the Policy which was in full force and effect all times material to this Complaint.

11.    All conditions precedent under the Policy for the recovery of benefits have been performed, complied with, or otherwise waived.

12. Despite receiving Plaintiffs' demand for payment, Defendant has failed or refused to fully indemnify Plaintiffs from the amount of loss.

13. Defendant's refusal to reimburse Plaintiffs adequately for damages and otherwise make Plaintiffs whole constitutes a breach of contract.

14. Plaintiffs have been damaged because of Defendant's breach; their damages include insurance proceeds which have not been paid, interest, costs, and attorney's fees.

15. Plaintiffs have been and remain fully prepared to comply with all of the Policy's obligations.

16. Defendant's conduct has caused the Plaintiffs to retain the services of the undersigned attorney to represent them in this action, and Plaintiffs are entitled to recover attorney's fees and costs under Sections 627.428, 626.9373, 57.041 and 57.104, Florida Statutes, for such services.

**WHEREFORE**, Plaintiffs Stephen Korshak and Alma Korshak, by and through the undersigned counsel, demand judgment against Defendant Federal Insurance Company, for all damages with interest, costs, attorney fees pursuant to Sections 627.428, 626.9373, 57.041, and 57.104, Florida Statutes, and for all other remedies the Court sees fit to grant, and Plaintiff demand trial by jury.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of this document will be served on Defendant along with the Summons in this action.

**Dated: October 19, 2021**

*/s/Reyhana Ammara Khan*
**COHEN LAW GROUP**
Reyhana Ammara Khan, Esq.
Florida Bar Number: 1019560
*FOR THE FIRM*
350 North Lake Destiny Road
Maitland, Florida 32751
Phone:   (407) 478-4878
Fax:       (407) 478-0204
Primary: rkhan@itsaboutjustice.law
Secondary: kelly.nyfeler@itsaboutjustice.law

*21-000545998*

Exhibit "2"

CHIEF FINANCIAL OFFICER
JIMMY PATRONIS
STATE OF FLORIDA

STEPHEN KORSHAK AND ALMA KORSHAK

PLAINTIFF(S)

VS.

FEDERAL INSURANCE COMPANY

DEFENDANT(S)
_____/

SUMMONS, COMPLAINT, DISCOVERY

| | |
|---|---|
| **CASE #:** | **21-CA-10568-O** |
| **COURT:** | **CIVIL** |
| **COUNTY:** | **ORANGE** |
| **DFS-SOP #:** | **21-000545998** |

# <u>NOTICE OF SERVICE OF PROCESS</u>

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said process was received in my office by ELECTRONIC DELIVERY on Tuesday, November 23, 2021 and a copy was forwarded by ELECTRONIC DELIVERY on Thursday, December 2, 2021 to the designated agent for the named entity as shown below.

FEDERAL INSURANCE COMPANY
DONNA MOCH
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

**\*Our office will only serve the initial process(Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings, or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080**

Jimmy Patronis
Chief Financial Officer

ANA ROSSI
PARTNER
COHEN LAW GROUP
350 NORTH LAKE DESTINY RD
MAITLAND, FL 32751

CC1

Exhibit "3"

 **Apex Roofing & Restoration**

Insured:   Steve Korshak
Property:  201 Colony Springs Lane
           Maitland, FL 32751

**Claim Number:**                **Policy Number:**                **Type of Loss:** <NONE>

Date of Loss:                    Date Received:
Date Inspected:                  Date Entered:    5/5/2021 12:13 PM

Price List:   FLOR8X_MAY21
              Restoration/Service/Remodel
Estimate:     2021-05-05-1213

 **Apex Roofing & Restoration**

**2021-05-05-1213**

## Roof

| DESCRIPTION | QTY | REMOVE | REPLACE | TAX | O&P | TOTAL |
|---|---|---|---|---|---|---|
| 1.  Remove Tile roofing - Concrete - "S" or flat tile | 67.33 SQ | 539.60 | 0.00 | 0.00 | 7,266.26 | 43,597.53 |
| 3.  Tile roofing - Clay - "S" or flat tile - w/out felt | 85.00 SQ | 0.00 | 683.04 | 1,309.42 | 11,873.56 | 71,241.38 |

20% waste factor included for hip roof and 7-9% breakage ration on a concrete tile roof. 2 Part adhesive foam is required for installation.  Market Conditions have been updated to account for Foam Material and Labor for roof install. $96.50/sq material $40.00/sq labor ABC Supply item# 2481389302 for two part foam.  Furring strips and 30# felt were removed from market conditions as they did not previously exist and they are not required for 2020 codes.

| DESCRIPTION | QTY | REMOVE | REPLACE | TAX | O&P | TOTAL |
|---|---|---|---|---|---|---|
| 4.  Re-nailing of roof sheathing - complete re-nail | 6,733.00 SF | 0.00 | 0.31 | 9.43 | 419.32 | 2,515.98 |
| 5.  Water barrier joint taping - Mod. bitumen - 4" seam tape | 6,733.00 SF | 0.00 | 0.34 | 32.99 | 464.44 | 2,786.65 |
| 6.  Remove Modified bitumen roof - hot mopped | 67.33 SQ | 163.81 | 0.00 | 0.00 | 2,205.86 | 13,235.19 |
| 8.  Modified bitumen roof - self-adhering | 67.33 SQ | 0.00 | 431.64 | 794.77 | 5,971.42 | 35,828.51 |
| 9.  Hip & ridge nailer board for tile roofing - wood | 439.00 LF | 0.00 | 3.88 | 54.70 | 351.60 | 2,109.62 |
| 10.  R&R Ridge / Hip / Rake cap - tile roofing | 439.00 LF | 4.40 | 13.27 | 213.27 | 1,594.08 | 9,564.48 |
| 11.  R&R Mortar bed for tile | 439.00 SF | 5.01 | 4.98 | 44.25 | 885.98 | 5,315.84 |

Allowance for mortar bed on both sides of the hip, ridge, and perimeter per the building codes attached.

| DESCRIPTION | QTY | REMOVE | REPLACE | TAX | O&P | TOTAL |
|---|---|---|---|---|---|---|
| 13.  R&R Valley metal - (W) profile | 94.00 LF | 2.02 | 7.55 | 20.73 | 184.06 | 1,104.37 |
| 14.  Step flashing | 228.00 LF | 0.00 | 11.54 | 24.58 | 531.14 | 3,186.84 |
| 15.  Stucco Installer - per hour | 20.00 HR | 0.00 | 43.05 | 0.00 | 172.20 | 1,033.20 |
| 17.  Painter - per hour | 10.00 HR | 0.00 | 53.14 | 0.00 | 106.28 | 637.68 |
| 19.  Flashing - pipe jack - lead | 6.00 EA | 0.00 | 85.83 | 19.45 | 106.90 | 641.33 |
| 20.  Prime & paint roof jack | 6.00 EA | 0.00 | 28.79 | 3.03 | 35.14 | 210.91 |
| 21.  R&R Flat roof exhaust vent / cap - gooseneck 8" | 2.00 EA | 30.88 | 90.23 | 3.78 | 49.22 | 295.22 |
| 22.  R&R Roof vent - off ridge type - 4' | 8.00 EA | 54.05 | 136.53 | 24.82 | 309.88 | 1,859.34 |
| 23.  Prime & paint roof vent | 8.00 EA | 0.00 | 28.79 | 4.04 | 46.86 | 281.22 |
| 24.  Apply mastic around vent pipes to repair leakage | 6.00 EA | 0.00 | 32.33 | 0.30 | 38.86 | 233.14 |

**This statement is included with mastic around vent pipes to repair leakage Code Requirement Mod 680-1507.3.9 Flashing: The entire edges of the horizontal flange shall be sealed covering all nail penetrations with approved flashing cement and membrane.

| DESCRIPTION | QTY | REMOVE | REPLACE | TAX | O&P | TOTAL |
|---|---|---|---|---|---|---|
| 25.  Roofer - per hour | 4.00 HR | 0.00 | 155.77 | 0.00 | 124.62 | 747.70 |

Labor hours included to protect and stage the screened enclosure prior to roof repair. The enclosure is connected to the rear slope.

| DESCRIPTION | QTY | REMOVE | REPLACE | TAX | O&P | TOTAL |
|---|---|---|---|---|---|---|
| 26.  Bird stop - Eave closure strip for tile roofing - metal | 588.00 LF | 0.00 | 4.02 | 64.62 | 485.68 | 2,914.06 |



**Apex Roofing & Restoration**

**CONTINUED - Roof**

| DESCRIPTION | QTY | REMOVE | REPLACE | TAX | O&P | TOTAL |
|---|---|---|---|---|---|---|
| 27.  R&R Drip edge/gutter apron | 588.00 LF | 1.12 | 3.05 | 44.45 | 499.30 | 2,995.71 |

6" Overlap is required by Florida Building Code

| | | | | | | |
|---|---|---|---|---|---|---|
| 28.  Caulking - butyl rubber | 588.00 LF | 0.00 | 2.87 | 16.88 | 340.90 | 2,045.34 |

Sealant for drip edge. 45' of hand-sealing drip edge mastic per hour: 1507.2.9.3 Drip Edge. Provide drip edge at eaves and gables of shingle roofs. Overlap to be a minimum of 3 inches (76mm). Eave drip edges shall extend ½ inch (13 mm) below sheathing and extend back on the roof a minimum of 2 inches (51 mm).

| | | | | | | |
|---|---|---|---|---|---|---|
| Totals:  Roof | | | | 2,685.51 | 34,063.56 | 204,381.24 |

**General Conditions**

| DESCRIPTION | QTY | REMOVE | REPLACE | TAX | O&P | TOTAL |
|---|---|---|---|---|---|---|
| 29.  Dumpster load - Approx. 20 yards, 4 tons of debris | 8.00 EA | 451.55 | 0.00 | 0.00 | 722.48 | 4,334.88 |
| 30.  Residential Supervision / Project Management - per hour | 80.00 HR | 0.00 | 60.95 | 0.00 | 975.20 | 5,851.20 |
| 31.  Telehandler/forklift and operator | 40.00 HR | 0.00 | 116.45 | 0.00 | 931.60 | 5,589.60 |
| 33.  General clean - up | 20.00 HR | 0.00 | 38.01 | 0.01 | 152.04 | 912.25 |
| Totals:  General Conditions | | | | 0.01 | 2,781.32 | 16,687.93 |
| **Line Item Totals: 2021-05-05-1213** | | | | **2,685.52** | **36,844.88** | **221,069.17** |



**Apex Roofing & Restoration**

## Summary for Dwelling

| | |
|---|---|
| Line Item Total | 181,538.77 |
| Material Sales Tax | 2,685.52 |
| Subtotal | 184,224.29 |
| Overhead | 18,422.44 |
| Profit | 18,422.44 |
| **Replacement Cost Value** | **$221,069.17** |
| **Net Claim** | **$221,069.17** |

 **Apex Roofing & Restoration**

### Recap of Taxes, Overhead and Profit

| | Overhead (10%) | Profit (10%) | Material Sales Tax (7%) | Laundering Tax (2%) | Manuf. Home Tax (6%) | Storage Rental Tax (7%) |
|---|---|---|---|---|---|---|
| **Line Items** | | | | | | |
| | 18,422.44 | 18,422.44 | 2,685.52 | 0.00 | 0.00 | 0.00 |
| **Total** | | | | | | |
| | **18,422.44** | **18,422.44** | **2,685.52** | **0.00** | **0.00** | **0.00** |

 **Apex Roofing & Restoration**

## Recap by Room

**Estimate: 2021-05-05-1213**

|  |  |  |
|---|---:|---:|
| Roof | 167,632.17 | 92.34% |
| General Conditions | 13,906.60 | 7.66% |
| **Subtotal of Areas** | **181,538.77** | **100.00%** |
| **Total** | **181,538.77** | **100.00%** |



**Apex Roofing & Restoration**

## Recap by Category

| O&P Items | Total | % |
|---|---:|---:|
| **CLEANING** | **760.20** | **0.34%** |
| **GENERAL DEMOLITION** | **56,446.59** | **25.53%** |
| **HEAVY EQUIPMENT** | **4,658.00** | **2.11%** |
| **LABOR ONLY** | **5,737.00** | **2.60%** |
| **MOISTURE PROTECTION** | **1,687.56** | **0.76%** |
| **PAINTING** | **934.46** | **0.42%** |
| **ROOFING** | **109,128.74** | **49.36%** |
| **TILE** | **2,186.22** | **0.99%** |
| **O&P Items Subtotal** | **181,538.77** | **82.12%** |
| **Material Sales Tax** | **2,685.52** | **1.21%** |
| **Overhead** | **18,422.44** | **8.33%** |
| **Profit** | **18,422.44** | **8.33%** |
| **Total** | **221,069.17** | **100.00%** |



Exhibit "4"

Orange County Clerk - Court Records Search

## 2021-CA-010568-O : STEPHEN KORSHAKet al. vs. FEDERAL INSURANCE COMAPNY

| | | | |
|---|---|---|---|
| Case Type: | CA - Breach of Agreement/Contract | Date Filed: | 11/3/2021 |
| Location: | Div 37 | UCN: | 482021CA010568A001OX |
| Judge: | Jeffrey L Ashton | Status: | Pending |
| Citation Number: | CA - Breach of Agreement/Contract | Appear By Date: | |

### Parties

| Name | Type | Attorney | Atty Phone |
|---|---|---|---|
| STEPHEN KORSHAK | Plaintiff | REYHANA KHAN | 407-789-1830 |
| ALMA KORSHAK | Plaintiff | | |
| FEDERAL INSURANCE COMAPNY | Defendant | | |

### Charge Details

| Offense Date | Charge | Plea | Arrest | Disposition | Sentence |
|---|---|---|---|---|---|

### Docket Events

| Date | Description | Pages |
|---|---|---|
| 1/19/2022 | Order Enlargement and Extension of Time | 2 |
| | Comments: to Respond to Pltfs Complaint & Initial Discovery | |
| 1/4/2022 | Letter | 1 |
| 12/17/2021 | Motion for Enlargement/Extension of Time | 3 |
| | Comments: TO RESPOND TO COMPLAINT AND DISCOVERY | |
| 12/2/2021 | Request to Produce | 10 |
| 12/2/2021 | Notice of Service of Interrogatories | 8 |
| 12/2/2021 | Request for Admissions | 2 |
| 12/2/2021 | Amended Complaint | 3 |
| | Comments: & DEMAND FOR JURY TRIAL | |
| 12/1/2021 | Notice Appearance of Counsel | 1 |
| | Comments: AND NOTICE OF EMAIL DESIGNATION | |
| 11/10/2021 | Summons Issued Electronically as to | 1 |
| | Comments: EMAILED TO ATTORNEY | |
| 11/3/2021 | General Standing Case Management Plan/Order | 3 |
| 11/3/2021 | Request to Produce | 10 |
| 11/3/2021 | Request for Admissions | 2 |
| 11/3/2021 | Notice of Service of Interrogatories | 8 |
| 11/3/2021 | Complaint | 4 |
| 11/3/2021 | Civil Cover Sheet | 3 |
| 11/3/2021 | Case Initiated | |

### Hearings

| Date | Hearing | Time | Location | Pages |
|---|---|---|---|---|

| Financial | | | |
|---|---|---|---|
| **Date** | **Description** | **Payer** | **Amount** |
| 11/3/2021 | Transaction Assessment | | 410.00 |
| 11/3/2021 | Payment | Harvey V Cohen | -410.00 |
| 11/9/2021 | Transaction Assessment | | 10.00 |
| 11/9/2021 | Payment | KHAN, REYHANA AMMARA | -10.00 |
| | | Balance Due: | 0.00 |

| Bonds | | | |
|---|---|---|---|
| **Description** | **Status Date** | **Bond Status** | **Amount** |

| Warrants | | | | | | |
|---|---|---|---|---|---|---|
| **Number** | **Status Description** | **Issue Date** | **Service Date** | **Recall Date** | **Expiration Date** | **Warrant Type** |

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>NINTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>ORANGE</u>  COUNTY, FLORIDA

<u>Stephen Korshak, Alma Korshak</u>
Plaintiff

Case # _____
Judge  _____

vs.

<u>Federal Insurance Comapny</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

### III.    TYPE OF CASE     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☒ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
  ☐ Business governance
  ☐ Business torts
  ☐ Environmental/Toxic tort
  ☐ Third party indemnification
  ☐ Construction defect
  ☐ Mass tort
  ☐ Negligent security
  ☐ Nursing home negligence
  ☐ Premises liability—commercial
  ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
  ☐ Commercial foreclosure
  ☐ Homestead residential foreclosure
  ☐ Non-homestead residential foreclosure
  ☐ Other real property actions

☐Professional malpractice
  ☐ Malpractice—business
  ☐ Malpractice—medical
  ☐ Malpractice—other professional
☐ Other
  ☐ Antitrust/Trade regulation
  ☐ Business transactions
  ☐ Constitutional challenge—statute or ordinance
  ☐ Constitutional challenge—proposed amendment
  ☐ Corporate trusts
  ☐ Discrimination—employment or other
  ☐ Insurance claims
  ☐ Intellectual property
  ☐ Libel/Slander
  ☐ Shareholder derivative action
  ☐ Securities litigation
  ☐ Trade secrets
  ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  1

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Reyhana A Khan        Fla. Bar # 1019560
        Attorney or party        (Bar # if attorney)

Reyhana A Khan        11/03/2021
  (type or print name)        Date

**IN THE CIRCUIT COURT OF THE
NINETH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA**

**CASE NUMBER:**

**STEPHEN KORSHAK AND ALMA KORSHAK,**

  **Plaintiffs,**

**v.**

**FEDERAL INSURANCE COMPANY,**

  **Defendant.**

_____/

## <u>COMPLAINT & DEMAND FOR JURY TRIAL</u>

Plaintiffs Stephen Korshak and Alma Korshak, by and through their undersigned counsel hereby sue Defendant, Federal Insurance Company and allege as follows:

1. This is an action for breach of contract with damages more than Thirty Thousand Dollars ($30,000.00), exclusive of interest, costs, and attorney's fees.

2. At all times material hereto, Plaintiffs were and are Florida residents.

3. Defendant is upon information and belief, a corporation duly authorized to conduct business in the State of Florida, and which does issue policies of insurance in Orange.

4. Jurisdiction and venue of this matter are proper in Circuit Court for Orange County, Florida.

5.   At all times material hereto there was in full force and effect a homeowner's property insurance policy believe to be 001392855601. A formal copy of the Plaintiffs' Policy is not currently in the possession of Plaintiffs, but is well known to Defendant, and has been requested by Plaintiffs through a Request to Produce (which has been served upon Defendant contemporaneously with this Complaint). See: <u>Equity Premium, Inc. v. Twin City Fire Ins. Co.</u>, 956 So.2d 1257 (Fla 4th DCA 2007); <u>Amiker v. Mid-Century Ins. Co.</u>, 398 So.2d 974 (Fla 1st DCA 1981); <u>Parkway General Hospital, Inc. v. Allstate Ins. Co.</u>, 393 So.2d 1171 (Fla. 3rd DCA 1981) and <u>Sasche v. Tampa Music Co.</u>, 262 So.2d 17( Fla. 2nd DCA 1972).

6.   Under Policy's terms, Defendant insured the Plaintiffs against certain losses to Plaintiffs' home located in Orange County at 201 Colony Springs Lane, Maitland, FL 32751 (the "Property").

7.   On or about 4/11/2021, while the policy was in full force and effect, the Property sustained damage that was covered under the Policy as a result of hail and wind.

8.   Plaintiffs filed a claim with Defendant that was assigned Claim Number 076921015430.

## COUNT I - BREACH OF CONTRACT AGAINST DEFENDANT

Plaintiffs Stephen Korshak and Alma Korshak by and through the undersigned attorney sue Defendant Federal Insurance Company and allege as follows:

9.   Plaintiffs re-allege paragraphs 1 through 8 above and incorporate the same by reference herein.

10.  Plaintiffs are the named insureds under the Policy which was in full force and effect all times material to this Complaint.

11.  All conditions precedent under the Policy for the recovery of benefits have been performed, complied with, or otherwise waived.

12. Despite receiving Plaintiffs' demand for payment, Defendant has failed or refused to fully indemnify Plaintiffs from the amount of loss.

13. Defendant's refusal to reimburse Plaintiffs adequately for damages and otherwise make Plaintiffs whole constitutes a breach of contract.

14. Plaintiffs have been damaged because of Defendant's breach; their damages include insurance proceeds which have not been paid, interest, costs, and attorney's fees.

15. Plaintiffs have been and remain fully prepared to comply with all of the Policy's obligations.

16. Defendant's conduct has caused the Plaintiffs to retain the services of the undersigned attorney to represent them in this action, and Plaintiffs are entitled to recover attorney's fees and costs under Sections 627.428, 626.9373, 57.041 and 57.104, Florida Statutes, for such services.

**WHEREFORE**, Plaintiffs Stephen Korshak and Alma Korshak, by and through the undersigned counsel, demand judgment against Defendant Federal Insurance Company, for all damages with interest, costs, attorney fees pursuant to Sections 627.428, 626.9373, 57.041, and 57.104, Florida Statutes, and for all other remedies the Court sees fit to grant, and Plaintiff demand trial by jury.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of this document will be served on Defendant along with the Summons in this action.

**Dated: October 19, 2021**

*/s/Reyhana Ammara Khan*
**COHEN LAW GROUP**
Reyhana Ammara Khan, Esq.
Florida Bar Number: 1019560
*FOR THE FIRM*
350 North Lake Destiny Road
Maitland, Florida 32751
Phone:   (407) 478-4878
Fax:       (407) 478-0204
Primary: rkhan@itsaboutjustice.law
Secondary: kelly.nyfeler@itsaboutjustice.law

IN THE CIRCUIT COURT OF THE
NINETH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA

CASE NUMBER:

STEPHEN KORSHAK AND ALMA KORSHAK,

      Plaintiffs,

v.

FEDERAL INSURANCE COMPANY,

      Defendant.

_____/

### PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT

      Through the Undersigned Counsel, and under Florida Rules of Civil Procedure 1.340, Plaintiffs Stephen Korshak and Alma Korshak has propounded to Defendant, Federal Insurance Company, the attached Interrogatories to be answered under oath within forty-five (45) days of service of the Complaint herein.

### CERTIFICATE OF SERVICE

      **I HEREBY CERTIFY** that a true and correct copy of this document will be served on Defendant along with the Summons in this action.

**Dated: October 19, 2021**

                                    */s/Reyhana Ammara Khan*
                                    **COHEN LAW GROUP**
                                    Reyhana Ammara Khan, Esq.
                                    Florida Bar Number: 1019560
                                    *FOR THE FIRM*
                                    350 North Lake Destiny Road
                                    Maitland, Florida 32751
                                    Phone:  (407) 478-4878
                                    Fax:(407) 478-0204
                                    Primary: rkhan@itsaboutjustice.law
                                    Secondary: kelly.nyfeler@itsaboutjustice.law

DEFINITIONS AND INSTRUCTIONS

For purposes of these Interrogatories, the following terms and definitions are provided:

1. <u>Plaintiffs</u>:  The term "Plaintiffs" as used herein shall mean Stephen Korshak and Alma Korshak, and its representatives as defined below.

2. <u>Defendant</u>:  The term "Defendant" shall mean Federal Insurance Company, whether by that name or any other, and its representatives as defined below.

3. <u>Representatives</u>:  The term "representatives" shall mean any and all present or former agents, employees, servants, officers, directors, attorneys, consultants, sureties, indemnificators, insurers, and other persons acting or purporting to act on behalf of the entity referred to.

4. <u>You</u> and <u>Your</u>:  The terms "you" and "your" shall refer to Defendant (defined above) and any other person or entity acting or purporting to act on its behalf.

5. <u>Document</u>:  The term "document" shall mean any written, printed, typed or other graphic or photographic matter (including without limitation, photographs, charts, graphs, microfiche, microfilm, videotapes, recordings and motion pictures and data stored on a computer disc or computer hard drive) and shall include the originals, identical copies and all non-identical copies, whether different from the original by reason of any notation made on each copy or otherwise and shall include, without limiting the generality of the foregoing, all letters, telegrams, teletypes, correspondence, contracts, agreements, notes, mechanical and electronic sound recordings and transcripts thereof (including, without limitation, tapes, cassettes, discs and digital recordings), computer printouts and other printed matter produced through computers, calendar and diary entries, memoranda, notes and records of all telephone or personal conversations, meetings or any other communication, inter-office and intra-office communications, statements, manuals, summaries and compilations, minutes of meetings, charges, maps, reports, analysis, studies, graphs, prospectus, returns, statistics, pamphlets, books, offers, bulletins, order papers, articles, catalogs, records, tables, books of account, ledgers, vouchers, canceled checks, invoices, bills, receipts, tickets, worksheets, computer and digital records, as well as all digitally stored and generated documents and notes, and all drafts, alterations, modifications and changes to any of the foregoing.

6. <u>Identify</u>:  The term "identify" when used with reference to a person shall mean to  state the full name of the person, last known full address of the person, the employer of the person (if known), and the business phone number of the person (or home phone number of the person if their business phone number is not known).  Once identified, a person may be subsequently identified by uniform use of a standard name.

7. <u>Plaintiff's Property:</u> The term "Plaintiffs' Property" as used herein shall mean reference to the property located at 201 Colony Springs Lane, Maitland, FL 32751.

<u>INSTRUCTIONS</u>

Should Defendant object to or not answer an Interrogatory by raising a claim of privilege, Defendant is required to:

a. State the basis of the claim of privilege;

b. Identify the subject matter of the information to which a claim of privilege is made;

c. Identify all persons or entities who have had access to or claimed to be privileged or were present when the privileged information was discussed, and

d. Identify all persons or entities to which the privileged information has been disclosed.

**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT**

1.      What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatory is directed?

**ANSWER:**

2.      State the facts upon which you rely for each affirmative defense in your Answer to the Complaint, or in support of a Motion to Dismiss, if such was filed.

**ANSWER:**

3.      State each and every policy provision upon which you are relying in connection with your decision to deny, or otherwise not indemnify Plaintiffs for Plaintiffs' claimed amount of loss.

**ANSWER:**

4.      Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit?  If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

**ANSWER:**

5.      State the name and address of every person known to you, your agents, or your attorneys, who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

**ANSWER:**

6.      Identify by name, address, phone number, and employer and title/position of all persons who on your behalf:

a)      Inspected Plaintiffs' Property;

b)      Evaluated the claim;

c)      Prepared any reports in connection with this claim, including but not limited to comparative estimates, peer reviews, engineering reports, and estimates evaluating any and all loss to the insured property;

d)      Denied coverages for the claim; and

e)      Approved payment(s) made.

For each such individual state what decisions were made by said individual.

**ANSWER:**

7.      As to any and all decisions identified in answer to Interrogatory 6 above, identify with specificity all documents which were reviewed by and relied upon by said individual(s) in making said determination, identify (defined above) all persons with whom said individual(s) communicated in making said determination and state the dates when each such decision was made.

**ANSWER:**

8.      If you allege that Plaintiffs have failed to perform any conditions precedent to the bringing of this action, or has failed to fulfill any duties after the loss, please state with specificity all facts and circumstances to support any contention Defendant was prejudiced by the alleged failure to comply with any conditions precedent.

    **ANSWER:**

9.      List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter for which the witness has knowledge.

    **ANSWER:**

10.     As to any statements of any kind (written, recorded, transcribed, digital or otherwise) obtained by you from the Plaintiffs or any other witness in connection with the property damage which is the basis of this lawsuit, identify (defined above) each such person from whom a statement was taken, state the date when each such statement was taken, state the manner in which it was taken and identify (defined above) the person who took or recorded each such statement.

    **ANSWER:**

11.     As to any portion of the loss for which you contend is not covered by Plaintiffs' policy, please set forth the specific item(s) which you contend are not covered, and for each such item(s), all facts supporting your contention that no coverage exists for said item(s).

    **ANSWER:**

12.     If you dispute the reasonableness of the amount of loss, please set forth the specific item(s) that you contend are unreasonable, and for each item(s), please set forth all facts supporting your contention.

**ANSWER:**


13.     As to any third parties who provided services, analyses, adjusting, or otherwise rendered opinions to you in adjusting this claim, please identify:

a.     The name of the individual who hired the third party on behalf of your company;

b.     The date and nature of the services provided by the third party;

c.     Each case in which the third party has been retained by you for any purpose during the past three years;

d.     The amount of money that the third party has been paid by you during the past three years; and

e.     Please state the taxpayer identification numbers for both you and the third party.

**ANSWER:**

## <u>AFFIDAVIT</u>

Dated _____, 2021.      _____

                                                        Signature of Agent for Defendant

                                                         Federal Insurance Company

**STATE OF** _____

**COUNTY OF** _____

      **BEFORE ME**, the undersigned authority, before me by means of ☐ physical presence or ☐ online notarization the Agent for Defendant, Federal Insurance Company, _____, who is ☐ personally known or ☐ produced identification _____, and who deposed and stated that the information contained in the foregoing Answers to Interrogatories is true and correct, to the best of his/her knowledge and belief.

      **SWORN AND SUBSCRIBED** before me in the aforesaid County and State this _____ day of _____, 2021.

                                               _____

                                             Notary Public

                                             Commission No. _____

                  (SEAL)

                                             _____

                                             (Name of Notary typed, printed or stamped)

                                             My commission expires: _____

**IN THE CIRCUIT COURT OF THE
NINETH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA**

**CASE NUMBER:**

**STEPHEN KORSHAK AND ALMA KORSHAK,**

      **Plaintiffs,**

**v.**

**FEDERAL INSURANCE COMPANY,**

      **Defendant.**

_____/

## PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO DEFENDANT

Through the Undersigned counsel, and under Florida Rule of Civil Procedure 1.370, Plaintiffs Stephen Korshak and Alma Korshak, submit to Defendant, Federal Insurance Company, the following requests for admissions for Defendant to admit or deny within forty-five (45) days of the service of the Complaint herein:

1. Admit that you issued a policy of homeowners insurance that provided insurance coverage to a property located at 201 Colony Springs Lane, Maitland, FL 32751.
   **RESPONSE:**

2. Admit that the homeowners insurance policy you issued, which is described in the Complaint, provided coverage for hail and wind damage.
   **RESPONSE:**

3. Admit that the insurance policy you issued to the Plaintiffs for the property located at 201 Colony Springs Lane, Maitland, FL 32751 was in full force and effect as of 4/11/2021.
   **RESPONSE:**

4.  Admit that the hail and wind loss described in the Complaint, which occurred on or about 4/11/2021, was a covered event pursuant to the terms of the subject policy.

**RESPONSE:**

5.  Admit that any payment you issued on this claim was in accordance with the terms of the insurance policy at issue in this lawsuit.

**RESPONSE:**

6.  Admit that above-named Defendant is properly named in this action.

**RESPONSE:**

7.  Admit that Defendant's adjuster(s) who worked on this claim did so in accordance with Fla. Stat. § 626.878.

**RESPONSE:**

## <u>CERTIFICATE OF SERVICE</u>

**I DO HEREBY CERTIFY** that a true and correct copy of this document will be served on the Defendant along with the Summons in this action.

**Dated: October 19, 2021**

*/s/Reyhana Ammara Khan*
**COHEN LAW GROUP**
Reyhana Ammara Khan, Esq.
Florida Bar Number: 1019560
*FOR THE FIRM*
350 North Lake Destiny Road
Maitland, Florida 32751
Phone:   (407) 478-4878
Fax:      (407) 478-0204
Primary: rkhan@itsaboutjustice.law
Secondary: kelly.nyfeler@itsaboutjustice.law

**IN THE CIRCUIT COURT OF THE**
**NINETH JUDICIAL CIRCUIT IN AND**
**FOR ORANGE COUNTY, FLORIDA**

**CASE NUMBER:**

**STEPHEN KORSHAK AND ALMA KORSHAK,**

      **Plaintiffs,**

**v.**

**FEDERAL INSURANCE COMPANY,**

      **Defendant.**

_____/

## PLAINTIFFS' FIRST REQUEST TO PRODUCE TO DEFENDANT

Through the Undersigned Counsel, and under Florida Rules of Civil Procedure 1.350 and 1.280(a), Plaintiffs Stephen Korshak And Alma Korshak request that Defendant, Federal Insurance Company, furnish copies to Plaintiffs at 350 North Lake Destiny Road, Maitland, Florida, 32751, or via E-Mail, within forty-five (45) days of service of the Complaint herein.

## DEFINITIONS AND INSTRUCTIONS

For purposes of this Request for Production, the following terms and definitions are provided:

1.  <u>Plaintiffs</u>:  The term "Plaintiffs" as used herein shall mean Stephen Korshak and Alma Korshak and their representatives as defined below.

2.  <u>Defendant</u>:  The term "Defendant" shall mean Federal Insurance Company, whether by that name or any other, and its representatives as defined below.

3.  <u>Representatives</u>:  The term "representatives" shall mean any and all present or former partners, agents, employees, servants, officers, directors, attorneys, consultants, sureties, indemnificators, insurers, independent contractors and other persons acting or purporting to act on behalf of the entity referred to.

4.  <u>You</u> and <u>Your</u>:  The terms "you" and "your" shall refer to Defendant (defined above) and any other person or entity acting or purporting to act on its behalf.

5.  <u>Document</u>:  The term "document" shall mean any written, printed, typed or other graphic or photographic matter (including without limitation, photographs, charts, graphs,

microfiche, microfilm, videotapes, recordings and motion pictures and data stored on a computer disc or computer hard drive) and shall include the originals, identical copies and all non-identical copies, whether different from the original by reason of any notation made on each copy or otherwise and shall include, without limiting the generality of the foregoing, all letters, telegrams, teletypes, correspondence, contracts, agreements, notes, mechanical and electronic sound recordings and transcripts thereof (including, without limitation, tapes, cassettes and discs), computer records, computer printouts, other printed matter produced through computers, calendar and diary entries, memoranda, notes and records of all telephone or personal conversations, meetings and other communication, inter-office and intra-office communications, statements, manuals, summaries and compilations, minutes of meetings, charges, maps, reports, analysis, studies, graphs, prospectus, returns, statistics, pamphlets, books, offers, bulletins, order papers, articles, catalogs, records, tables, books of account, ledgers, vouchers, canceled checks, invoices, bills, receipts, tickets, worksheets and all drafts, alterations, modifications and changes to any of the foregoing, as well as all digitally stored and generated documents and notes.

6.    <u>Communication</u>:  The term "communication" as used herein shall mean any contact between or among the parties indicated, including but not limited to, all documents (defined above), telephone or personal conversations, meetings, e-mails or electronic contacts, conferences and discussions.   Once identified, a communication may be subsequently identified by use of a common description.

7.    <u>Identify</u>:  The term "identify" when used with reference to a person shall mean to:

      a.    State the full name of the person;

      b.    State the full name of the last known employer of the person;

      c.    State the last known occupation or title of the person with such employer;

      d.    State the last known business telephone number of the person;

      e.    State the last known home address of the person; and

      f.    State the last known home telephone number of the person.

Once identified, a person may be subsequently identified by uniform use of a standard name.

8. <u>Identify</u>:  The term "identify" when used with reference to a document shall mean to:

    a.  State a complete description of the document;

    b.  Identify the person who prepared the document;

    c.  State the date on which the document was prepared;

    d.  State the location at which the document was prepared; and

    e.  Identify the person who presently has care, custody and control of the document.

Once identified, a document may be subsequently identified by uniform use of a standard description.

9. <u>Person</u>:  The term "person" as used herein shall mean a natural person other than an entity and shall be construed to include groups of natural persons.

<u>Instructions</u>

Should Defendant object to a Request to Produce or not respond pursuant to a claim of privilege, the Defendant is required to:

    a.  State the basis of the claim of privilege;

    b.  Identify the subject matter of the information to which a claim of privilege is made;

    c.  Identify all persons or entities who have had access to or claimed to be privileged or were present when the privileged information was discussed, and

    d.  Identify of all persons or entities to which the privileged information has been disclosed.

## PLAINTIFFS' FIRST REQUESTS TO PRODUCE

1.      A true and correct copy of all DEC pages and the full and complete insurance policy(s) referenced in Plaintiffs' Complaint and a sworn statement of a corporate officer of Defendant attesting to the coverage and authenticity of the policy.

**RESPONSE:**

2.      A copy of any and all other DEC pages and insurance policy(s) which may provide coverage to either Plaintiff for the damages claimed in Plaintiffs' Complaint.

**RESPONSE:**

3.      A copy of each and every document (defined above) which you reasonably anticipate may be introduced into evidence at the trial of this matter.

**RESPONSE:**

4.      A copy of any and all documents which you allege may support any affirmative defense which you have raised in this matter.

**RESPONSE:**

5.      A copy of any and all documents which you allege may support any Motion to Dismiss which you have filed in this matter.

**RESPONSE:**

6.      Copies of any and all statements, and any transcripts from any person who has knowledge of the facts in this matter including any expert witness or the Defendant (defined above) herein.

**RESPONSE:**

7.      Copies of any and all recorded statement(s) and telephone conversations, as well as any transcripts for the same which have been reduced to writing and/or transcribed, including but not limited to Examinations Under Oath, which were taken of or provided by any insured or their representatives (defined above) which are in your possession or control.

**RESPONSE:**

8.      Copies of any and all recorded statement(s) and telephone conversations, as well as any transcripts for the same which have been reduced to writing and/or transcribed, which were taken of or provided by any witness which are in your possession or control.

**RESPONSE:**

9.      Each and every document, report, chart, graph, object, summary, compilation of data or other thing relied upon by any of your experts, in whole or in part, in the formulation of any opinions and conclusion in this case.

**RESPONSE:**

10.     Copies of any photographs of Plaintiffs' Property located at 201 Colony Springs Lane, Maitland, FL 32751 which are in your possession or control.

**RESPONSE:**

11.     Copies of any photographs which reflect any damage at Plaintiffs' Property located at 201 Colony Springs Lane, Maitland, FL 32751 which are in your possession or control.
**RESPONSE:**


12.     Copies of any photographs of any work performed at Plaintiffs' Property located at 201 Colony Springs Lane, Maitland, FL 32751 which are in your possession or control.
**RESPONSE:**


13.     Copies of any and all estimates and damage appraisals and other documents (defined above) referencing damage appraisals regarding Plaintiffs' Property located at 201 Colony Springs Lane, Maitland, FL 32751 which are in your possession or control.
**RESPONSE:**


14.     Copies of any and all documents (defined above) upon which you based any denials of coverage for the loss described in Plaintiffs' Complaint.
**RESPONSE:**


15.     Copies of any and all documents (defined above) upon which you based any denials of all or part of the amount of loss claimed by Plaintiffs.
**RESPONSE:**

16. If there are any denials of insurance coverage being made by Defendant, then copies are requested of any and all applications for insurance, insurance forms, data sheets, correspondence, notices, facsimile, e-mails and other documents (defined above) which reference in any way any the insurance policy at issue in this matter.

   **RESPONSE:**

17. Copies of any and all correspondence, facsimile, notices, e-mails and other documents (defined above) which reference in any way any notices which you provided to Plaintiffs regarding cancellation of the insurance policy at issue in this matter.

   **RESPONSE:**

18. Copies of all PORS, Proof of Mailing and other documents (defined above) which reflect in any way mailings made by you to Plaintiffs regarding cancellation of the policy of insurance at issue in this matter.

   **RESPONSE:**

19. All reports and current curriculum vitae from any expert(s) retained by you for any reason regarding Plaintiffs' claim.

   **RESPONSE:**

20. Any and all e-mails, letters, facsimile, and other correspondence regarding any claims made by Plaintiffs for homeowners' insurance benefits as a result of the hail and wind event of 4/11/2021, including but not limited to, correspondence with experts, independent adjusters, appraisers, inspectors, and any other third party.

   **RESPONSE:**

21.     All documents reflecting any payment made to any person (defined above) or entity for any reason as a result of the hail and wind event described in Plaintiffs' Complaint.

**RESPONSE:**

22.     All books, treaties or authority used by Defendant's adjuster in determining what amount to pay or deny regarding the claim at issue.

**RESPONSE:**

23.     All writings, memoranda, notes or other materials reflecting examination of Plaintiffs' Property by Defendant or its agents.

**RESPONSE:**

24.     All proofs of loss received by Defendant from Plaintiffs.

**RESPONSE:**

25.     All estimates received by Defendant from any source for repairs to Plaintiffs' Property.

**RESPONSE:**

26.     Defendant's latest claims manual or statement of policies and procedures on the processing or handling of homeowner's claims.

**RESPONSE:**

27.    Any training manuals, guides and documents which Defendant has provided to its adjusters regarding adjusting hail and wind damage claims from the past three years to the present.

**RESPONSE:**


28.    Copies of any peer reviews, estimates, or comparative estimates generated by anyone on Defendant's behalf regarding the amount of loss at issue.

**RESPONSE:**


29.    All documents showing the total amount paid during the past three years to any third parties providing services, analyses, or opinions regarding Plaintiffs' claim.

**RESPONSE:**


30.    A copy of the contract/agreement/document (if any) that Defendant has with anyone, including but not limited to contractors, engineers, adjusters, or experts, who may provide testimony at the trial of this matter.

**RESPONSE:**


31.    A copy of each resume, curriculum vitae, and other document listing the qualifications of each and every expert and/or consultant hired by your of on behalf of your who may testify at trial.

**RESPONSE:**


32.    All documents that relate to the drafting, meaning, and interpretation of any language, terms, or provisions, used in the policy at issue.

**RESPONSE:**

33.     Pursuant to Fla. R. Civ. P. 1.310(b)(6), please produce three (3) alternative dates for deposition to occur no earlier than 30 days but no farther than 120 days from service for the deposition of the corporate representative(s) with the most knowledge of the claim asserted by the Plaintiffs' Complaint as well as the individual who was primarily responsible for the decision to deny indemnifying Plaintiffs' amount of loss.  A designation of the information upon which such examination will proceed will be provided under separate cover.

**RESPONSE:**

34.     Copies of any and all notices sent by you or your representatives (defined above) to any insured to participate in a mediation program under Fla. Stat.§ 627.7015 and copies of any and all PORS, Proof of Mailing and other documents (defined above) which reflect in any way mailings made by you to any insured regarding the same.

**RESPONSE:**

## <u>CERTIFICATE OF SERVICE</u>

**I DO HEREBY CERTIFY** that a true and correct copy of this document will be served on the Defendant along with the Summons in this action.

**Dated: October 19, 2021**

*/s/Reyhana Ammara Khan*
**COHEN LAW GROUP**
Reyhana Ammara Khan, Esq.
Florida Bar Number: 1019560
*FOR THE FIRM*
350 North Lake Destiny Road
Maitland, Florida 32751
Phone:   (407) 478-4878
Fax:       (407) 478-0204
Primary: rkhan@itsaboutjustice.law
Secondary: kelly.nyfeler@itsaboutjustice.law

IN THE COUNTY/CIRCUIT COURT OF
THE NINTH JUDICIAL CIRCUIT, IN
AND FOR ORANGE AND OSCEOLA
COUNTY, FLORIDA

IN RE: CIVIL CASE MANAGEMENT
      PLAN AND ORDER

Stephen Korshak and Alma Korshak/

**STANDING CASE MANAGEMENT PLAN/ORDER**
**(General Track)**

PURSUANT TO *In re: Comprehensive COVID-19 Emergency Measures for*
*Florida Trial Courts*, **Fla. Admin. Order No.** AOSC20-23 (Amendment 12) **(April 13,**
**2021)**, and Ninth Judicial Circuit Court Administrative Order No. 2021-04 (collectively
the "Case Management Administrative Orders"), this case is before the Court for case
management.  Based on the case type of the initial filing in this case, the Case
Management Administrative Orders, and pursuant to Rule 2.545, Fla. R. Gen. Prac. &
Jud. Admin., the Court hereby establishes a case management plan.  It is hereby

ORDERED that:

1.      **COMPLIANCE WITH THIS CASE MANAGEMENT PLAN/ORDER:**  The
parties shall strictly comply with the terms of this Case Management Plan/Order, unless
otherwise ordered by the Court.  FAILURE TO COMPLY WITH ALL REQUIREMENTS
OF THIS ORDER WILL RESULT IN THE IMPOSITION OF SANCTIONS.  If the parties
believe that an alternate plan is required or more appropriate, then the parties shall
meet, confer and agree on a plan that complies with the time standards set forth in Rule
2.250, Fla. R. Gen. Prac. & Jud. Admin.  The parties may submit an agreed upon plan
to the division judge for consideration, or set the matter for a case management
conference.

2.      **ADDITIONAL NINTH CIRCUIT AND DIVISION SPECIFIC GUIDELINES:**
All counsel and unrepresented parties shall familiarize themselves and comply with the
requirements of the following:  (i) **Amended Administrative Order Establishing the**
**Ninth Judicial Circuit Court Circuit Civil Court Guidelines** (AO 2012-03-01); (ii)
**Amended Administrative Order Establishing the Ninth Judicial Circuit Courtroom**
**Decorum Policy** (AO 2003-07-02) (iii) **Amended Administrative Order Establishing**
**the Ninth Judicial Circuit Court County Civil Court Guidelines, Orange County**
**(AO2017-04-01)** and (iv) any division-specific guidelines that may be applicable.

3.    **MODIFICATION OF THIS ORDER:**  The parties may not, individually or by agreement, alter or extend the deadlines in this Order, or waive any of the provisions of this Order. The provisions of this Order may be modified only upon motion/stipulation <u>and</u> Court order in accordance with applicable law.

4.    **SERVICE OF THIS ORDER WITH INITIAL PROCESS:** Pursuant to the Case Management Orders, the Plaintiff shall file a copy of this Order in the case.  Any party serving an initial pleading (complaint, third-party complaint, etc.) in this case shall serve a copy of this Order together with initial service of process.

## CASE MANAGEMENT PLAN – GENERAL TRACK
*Note:  All dates are to be calculated from the date of filing of the initial complaint unless otherwise noted.*

| | |
|---|---|
| Deadline for Service of Process: | 120 days |
| Deadline for Service of Process extended if not accomplished within 120 days: | 150 days, failing same, all unserved defendants are dismissed without prejudice |
| Deadline for Leave to Add Parties and Amend Pleadings: | Motions must be set for hearing and heard within 90 days from service on the last defendant, or deemed abandoned and denied |
| Motions to Dismiss, Motions for More Definite Statement, Motions to Strike and any objections to the pleadings: | Must be set for hearing and heard within 60 days from filing of the motion/objection, or deemed abandoned and denied. Non-movant shall timely submit a proposed order in the event the motion/objection is deemed abandoned and denied |
| Deadline for Completion of Fact and Expert Discovery: | 450 days (additional disclosure and discovery deadlines will be established by the Uniform Order Setting Pre-Trial and Trial in the case) |
| Pre-trial Motions, including Dispositive and *Daubert* Motions | Must be filed no later than 15 days after completion of discovery and heard no later than 7 days prior to the pre-trial conference, or deemed abandoned and denied |
| Mediation/Alternative Dispute Resolution | Within 30 days after completion of the depositions of all parties, counsel shall meet and confer regarding whether an early mediation would be productive to resolution of certain issues or the entire case.  A final mediation shall occur no later than 30 days after completion of all discovery |

| Approximate Pre-Trial Conference: | 17 months |
|---|---|
| | *Actual Date to be set by Trial Order* |
| Approximate Trial Date: | 18 months |
| | *Actual date to be set by Trial Order* |

5. **NOTICES FOR TRIAL:**  Within ten (10) days of the case being at issue as defined by Rule 1.440, Fla. R. Civ. P., the Plaintiff shall confer with opposing counsel/party regarding the anticipated length of trial and file a Notice for Trial.  The Plaintiff shall forward a copy of the Notice for Trial to the Judicial Assistant at the Division email address noted on the Ninth Circuit website.

6. **DISCOVERY:**  All counsel and unrepresented parties shall familiarize themselves with the current edition of the Florida Handbook on Civil Discovery Practice and seek to resolve discovery issues without court intervention whenever possible.

7. **SETTLEMENT:**  *The case will not be removed from the docket until all documents necessary for closure of the case are filed with the Clerk and notification has been provided to the judicial assistant. A notice of settlement is not sufficient to remove the case from the trial docket.*

   **DONE AND ORDERED** in Orange/Osceola County, Florida.


_____
Chief Judge

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.  Please contact the ADA Coordinator in your county at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.**

**ORANGE COUNTY:   Human Resources, Orange County Courthouse, 425 N. Orange Avenue, Suite 510, Orlando, Florida, (407) 836-2303**

**OSCEOLA COUNTY:  Court Administration, Osceola County Courthouse, 2 Courthouse Square, Suite 6300, Kissimmee, Florida, (407) 742-2417**

REV 04/29/2021

**IN THE CIRCUIT COURT OF THE**
**NINETH JUDICIAL CIRCUIT IN AND**
**FOR ORANGE COUNTY, FLORIDA**

**CASE NUMBER:**

**STEPHEN KORSHAK AND ALMA KORSHAK,**

      **Plaintiffs,**
**v.**

**FEDERAL INSURANCE COMPANY**

      **Defendant.**

_____/

**SUMMONS**

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE:

YOU ARE COMMANDED to serve this Summons and a copy of the Complaint of Petition in this action on Federal Insurance Company pursuant to § 48.151(3), Fla. Stat. (2016)

***By Serving:***

**Federal Insurance Company**
Insurance Commissioner
State of Florida
PROCESS SECTION
200 East Gaines Street
Tallahassee, Florida 32302

Each defendant is required to serve written defenses to the Complaint of Petition on Reyhana Ammara Khan, Counsel for the Plaintiffs, **Cohen Law Group, 350 North Lake Destiny Road, Maitland, Florida 32751**, within twenty (20) days after service, of this summons on that Defendant exclusive of the day of service, and to file the original of the Defenses with the Clerk of this Court either before service on Plaintiffs' Attorney or immediately thereafter. If a defendant fails to do so, a Default will be entered against that Defendant for the relief demanded in the complaint or petition.

CLERK OF THE COURT

By: _/s/ Sharon Bennette_____, Deputy Clerk      Date: _____

**IN THE CIRCUIT COURT OF THE**
**NINETH JUDICIAL CIRCUIT,**
**IN AND FOR ORANGE COUNTY, FLORIDA**

**CASE NO.: 2021-CA-10568-O**

**Stephen Korshak,**
      **Plaintiff,**

**v.**

**Federal Insurance Company,**
      **Defendant.**

_____/

<u>**NOTICE OF CHANGE OF RECORD ATTORNEY**</u>
<u>**AND NOTICE OF EMAIL DESIGNATION**</u>

     PLEASE TAKE NOTICE that the undersigned hereby files this Notice of Change of Record Attorney and Notice of Email Designation. Dalya Zalloum, Esq. requests to be replaced as counsel of record for Plaintiff, and remove prior counsel of record for the Plaintiff in the above-titled cause. Additionally, pursuant to Rule 2.516(b)(1)(A) of the Fla. R. Jud. Admin., I hereby designate the following email addresses for the purpose of service of all documents in this proceeding:

         **Primary:  dzalloum@itsaboutjustice.law**
         **Secondary: Maribel@itsaboutjustice.law**

<u>**CERTIFICATE OF SERVICE**</u>

     **I HEREBY CERTIFY** that on December 1, 2021 a true and correct copy of the foregoing was filed via Florida Court's E-filing Portal.

          _/s/ Dalya Zalloum_____
          **COHEN LAW GROUP, P.A.**
          Dalya Zalloum, Esq.
          FOR THE FIRM
          Florida Bar Number: 1002903
          350 N. Lake Destiny Road
          Maitland, Florida 32751
          Primary: **dzalloum@itsaboutjustice.law**
          Secondary: **Maribel@itsaboutjustice.law**
          Phone: (407) 478-4878
          Fax : (407) 478-0204
          Attorney for Plaintiff

IN THE CIRCUIT COURT OF THE
NINETH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA

CASE NUMBER: 2021-CA-10568-O

STEPHEN KORSHAK AND ALMA KORSHAK,

       **Plaintiffs,**

**v.**

FEDERAL INSURANCE COMPANY,

       **Defendant.**

_____/

## AMENDED COMPLAINT & DEMAND FOR JURY TRIAL

      Plaintiffs Stephen Korshak and Alma Korshak, by and through their undersigned counsel hereby sue Defendant, Federal Insurance Company and allege as follows:

1. This is an action for breach of contract with damages more than Thirty Thousand Dollars ($30,000.00), exclusive of interest, costs, and attorney's fees.

2. At all times material hereto, Plaintiffs were and are Florida residents.

3. Defendant is upon information and belief, a corporation duly authorized to conduct business in the State of Florida, and which does issue policies of insurance in Orange.

4. Jurisdiction and venue of this matter are proper in Circuit Court for Orange County, Florida.

5. At all times material hereto there was in full force and effect a homeowner's property insurance policy believe to be 001392855601. A formal copy of the Plaintiffs' Policy is not currently in the possession of Plaintiffs, but is well known to Defendant, and has been requested by Plaintiffs through a Request to Produce (which has been served upon Defendant contemporaneously with this Complaint). See: <u>Equity Premium, Inc. v. Twin City Fire Ins. Co.,</u>

956 So.2d 1257 (Fla 4th DCA 2007); <u>Amiker v. Mid-Century Ins. Co.,</u> 398 So.2d 974 (Fla 1st DCA 1981); <u>Parkway General Hospital, Inc. v. Allstate Ins. Co.,</u> 393 So.2d 1171 (Fla. 3rd DCA 1981) and <u>Sasche v. Tampa Music Co.,</u> 262 So.2d 17( Fla. 2nd DCA 1972).

6.   Under Policy's terms, Defendant insured the Plaintiffs against certain losses to Plaintiffs' home located in Orange County at 201 Colony Springs Lane, Maitland, FL 32751 (the "Property").

7.   On or about 2/7/2020, while the policy was in full force and effect, the Property sustained damage that was covered under the Policy as a result of wind.

8.   Plaintiffs filed a claim with Defendant that was assigned Claim Number 076921015430.

<u>**COUNT I - BREACH OF CONTRACT AGAINST DEFENDANT**</u>

Plaintiffs Stephen Korshak and Alma Korshak by and through the undersigned attorney sue Defendant Federal Insurance Company and allege as follows:

9.   Plaintiffs re-allege paragraphs 1 through 8 above and incorporate the same by reference herein.

10.  Plaintiffs are the named insureds under the Policy which was in full force and effect all times material to this Complaint.

11.  All conditions precedent under the Policy for the recovery of benefits have been performed, complied with, or otherwise waived.

12.  Despite receiving Plaintiffs' demand for payment, Defendant has failed or refused to fully indemnify Plaintiffs from the amount of loss.

13.  Defendant's refusal to reimburse Plaintiffs adequately for damages and otherwise make Plaintiffs whole constitutes a breach of contract.

14. Plaintiffs have been damaged because of Defendant's breach; their damages include insurance proceeds which have not been paid, interest, costs, and attorney's fees.

15. Plaintiffs have been and remain fully prepared to comply with all of the Policy's obligations.

16. Defendant's conduct has caused the Plaintiffs to retain the services of the undersigned attorney to represent them in this action, and Plaintiffs are entitled to recover attorney's fees and costs under Sections 627.428, 626.9373, 57.041 and 57.104, Florida Statutes, for such services.

**WHEREFORE**, Plaintiffs Stephen Korshak and Alma Korshak, by and through the undersigned counsel, demand judgment against Defendant Federal Insurance Company, for all damages with interest, costs, attorney fees pursuant to Sections 627.428, 626.9373, 57.041, and 57.104, Florida Statutes, and for all other remedies the Court sees fit to grant, and Plaintiff demand trial by jury.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of this document will be served on Defendant along with the Summons in this action.

**Dated: December 2, 2021**

<u>/s/ Dalya Zalloum</u>
**COHEN LAW GROUP**
Dalya Zalloum, Esq.
*FOR THE FIRM*
Florida Bar Number: 1002903
350 North Lake Destiny Road
Maitland, Florida 32751
Phone: (407) 478-4878
Fax: (407) 478-0204
Primary: dzalloum@itsaboutjustice.law
Secondary: maribel@itsaboutjustice.law

**IN THE CIRCUIT COURT OF THE**
**NINETH JUDICIAL CIRCUIT IN AND**
**FOR ORANGE COUNTY, FLORIDA**

**CASE NUMBER: 2021-CA-10568-O**

**STEPHEN KORSHAK AND ALMA KORSHAK,**

      **Plaintiffs,**

**v.**

**FEDERAL INSURANCE COMPANY,**

      **Defendant.**

_____/

### PLAINTIFFS' AMENDED FIRST REQUEST FOR ADMISSIONS TO DEFENDANT

      Through the Undersigned counsel, and under Florida Rule of Civil Procedure 1.370, Plaintiffs Stephen Korshak and Alma Korshak, submit to Defendant, Federal Insurance Company, the following requests for admissions for Defendant to admit or deny within forty-five (45) days of the service of the Complaint herein:

1. Admit that you issued a policy of homeowners insurance that provided insurance coverage to a property located at 201 Colony Springs Lane, Maitland, FL 32751.
   **RESPONSE:**

2. Admit that the homeowners insurance policy you issued, which is described in the Complaint, provided coverage for wind damage.
   **RESPONSE:**

3. Admit that the insurance policy you issued to the Plaintiffs for the property located at 201 Colony Springs Lane, Maitland, FL 32751 was in full force and effect as of 2/7/2020.
   **RESPONSE:**

4. Admit that the wind loss described in the Complaint, which occurred on or about 2/7/2020, was a covered event pursuant to the terms of the subject policy.

**RESPONSE:**

5. Admit that any payment you issued on this claim was in accordance with the terms of the insurance policy at issue in this lawsuit.

**RESPONSE:**

6. Admit that above-named Defendant is properly named in this action.

**RESPONSE:**

7. Admit that Defendant's adjuster(s) who worked on this claim did so in accordance with Fla. Stat. § 626.878.

**RESPONSE:**

## CERTIFICATE OF SERVICE

**I DO HEREBY CERTIFY** that a true and correct copy of this document will be served on the Defendant along with the Summons in this action.

**Dated: December 2, 2021**

*/s/ Dalya Zalloum*
**COHEN LAW GROUP**
Dalya Zalloum, Esq.
*FOR THE FIRM*
Florida Bar Number: 1002903
350 North Lake Destiny Road
Maitland, Florida 32751
Phone: (407) 478-4878
Fax: (407) 478-0204
Primary: dzalloum@itsaboutjustice.law
Secondary: maribel@itsaboutjustice.law

**IN THE CIRCUIT COURT OF THE**
**NINETH JUDICIAL CIRCUIT IN AND**
**FOR ORANGE COUNTY, FLORIDA**

**CASE NUMBER: 2021-CA-10568-O**

**STEPHEN KORSHAK AND ALMA KORSHAK,**

      **Plaintiffs,**

**v.**

**FEDERAL INSURANCE COMPANY,**

      **Defendant.**

_____/

## PLAINTIFFS' AMENDED FIRST SET OF INTERROGATORIES TO DEFENDANT

Through the Undersigned Counsel, and under Florida Rules of Civil Procedure 1.340, Plaintiffs Stephen Korshak and Alma Korshak has propounded to Defendant, Federal Insurance Company, the attached Interrogatories to be answered under oath within forty-five (45) days of service of the Complaint herein.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of this document will be served on Defendant along with the Summons in this action.

**Dated: December 2, 2021**

_/s/ Dalya Zalloum_
**COHEN LAW GROUP**
Dalya Zalloum, Esq.
_FOR THE FIRM_
Florida Bar Number: 1002903
350 North Lake Destiny Road
Maitland, Florida 32751
Phone: (407) 478-4878
Fax: (407) 478-0204
Primary: dzalloum@itsaboutjustice.law
Secondary: maribel@itsaboutjustice.law

## DEFINITIONS AND INSTRUCTIONS

For purposes of these Interrogatories, the following terms and definitions are provided:

1. Plaintiffs:  The term "Plaintiffs" as used herein shall mean Stephen Korshak and Alma Korshak, and its representatives as defined below.

2. Defendant:  The term "Defendant" shall mean Federal Insurance Company, whether by that name or any other, and its representatives as defined below.

3. Representatives:  The term "representatives" shall mean any and all present or former agents, employees, servants, officers, directors, attorneys, consultants, sureties, indemnificators, insurers, and other persons acting or purporting to act on behalf of the entity referred to.

4. You and Your:  The terms "you" and "your" shall refer to Defendant (defined above) and any other person or entity acting or purporting to act on its behalf.

5. Document:  The term "document" shall mean any written, printed, typed or other graphic or photographic matter (including without limitation, photographs, charts, graphs, microfiche, microfilm, videotapes, recordings and motion pictures and data stored on a computer disc or computer hard drive) and shall include the originals, identical copies and all non-identical copies, whether different from the original by reason of any notation made on each copy or otherwise and shall include, without limiting the generality of the foregoing, all letters, telegrams, teletypes, correspondence, contracts, agreements, notes, mechanical and electronic sound recordings and transcripts thereof (including, without limitation, tapes, cassettes, discs and digital recordings), computer printouts and other printed matter produced through computers, calendar and diary entries, memoranda, notes and records of all telephone or personal conversations, meetings or any other communication, inter-office and intra-office communications, statements, manuals, summaries and compilations, minutes of meetings, charges, maps, reports, analysis, studies, graphs, prospectus, returns, statistics, pamphlets, books, offers, bulletins, order papers, articles, catalogs, records, tables, books of account, ledgers, vouchers, canceled checks, invoices, bills, receipts, tickets, worksheets, computer and digital records, as well as all digitally stored and generated documents and notes, and all drafts, alterations, modifications and changes to any of the foregoing.

6. <u>Identify</u>:  The term "identify" when used with reference to a person shall mean to  state the full name of the person, last known full address of the person, the employer of the person (if known), and the business phone number of the person (or home phone number of the person if their business phone number is not known).  Once identified, a person may be subsequently identified by uniform use of a standard name.

7. <u>Plaintiff's Property</u>: The term "Plaintiffs' Property" as used herein shall mean reference to the property located at 201 Colony Springs Lane, Maitland, FL 32751.

<u>INSTRUCTIONS</u>

Should Defendant object to or not answer an Interrogatory by raising a claim of privilege, Defendant is required to:

a.  State the basis of the claim of privilege;

b.  Identify the subject matter of the information to which a claim of privilege is made;

c.  Identify all persons or entities who have had access to or claimed to be privileged or were present when the privileged information was discussed, and

d.  Identify all persons or entities to which the privileged information has been disclosed.

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT

1.      What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatory is directed?

**ANSWER:**

2.      State the facts upon which you rely for each affirmative defense in your Answer to the Complaint, or in support of a Motion to Dismiss, if such was filed.

**ANSWER:**

3.      State each and every policy provision upon which you are relying in connection with your decision to deny, or otherwise not indemnify Plaintiffs for Plaintiffs' claimed amount of loss.

**ANSWER:**

4.      Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit?  If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

**ANSWER:**

5.      State the name and address of every person known to you, your agents, or your attorneys, who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

**ANSWER:**

6.      Identify by name, address, phone number, and employer and title/position of all persons who on your behalf:

a)      Inspected Plaintiffs' Property;

b)      Evaluated the claim;

c)      Prepared any reports in connection with this claim, including but not limited to comparative estimates, peer reviews, engineering reports, and estimates evaluating any and all loss to the insured property;

d)      Denied coverages for the claim; and

e)      Approved payment(s) made.

For each such individual state what decisions were made by said individual.

**ANSWER:**

7.      As to any and all decisions identified in answer to Interrogatory 6 above, identify with specificity all documents which were reviewed by and relied upon by said individual(s) in making said determination, identify (defined above) all persons with whom said individual(s) communicated in making said determination and state the dates when each such decision was made.

**ANSWER:**

8.     If you allege that Plaintiffs have failed to perform any conditions precedent to the bringing of this action, or has failed to fulfill any duties after the loss, please state with specificity all facts and circumstances to support any contention Defendant was prejudiced by the alleged failure to comply with any conditions precedent.

**ANSWER:**

9.     List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter for which the witness has knowledge.

**ANSWER:**

10.    As to any statements of any kind (written, recorded, transcribed, digital or otherwise) obtained by you from the Plaintiffs or any other witness in connection with the property damage which is the basis of this lawsuit, identify (defined above) each such person from whom a statement was taken, state the date when each such statement was taken, state the manner in which it was taken and identify (defined above) the person who took or recorded each such statement.

**ANSWER:**

11.    As to any portion of the loss for which you contend is not covered by Plaintiffs' policy, please set forth the specific item(s) which you contend are not covered, and for each such item(s), all facts supporting your contention that no coverage exists for said item(s).

**ANSWER:**

12.    If you dispute the reasonableness of the amount of loss, please set forth the specific item(s) that you contend are unreasonable, and for each item(s), please set forth all facts supporting your contention.

**ANSWER:**


13.    As to any third parties who provided services, analyses, adjusting, or otherwise rendered opinions to you in adjusting this claim, please identify:

a.    The name of the individual who hired the third party on behalf of your company;

b.    The date and nature of the services provided by the third party;

c.    Each case in which the third party has been retained by you for any purpose during the past three years;

d.    The amount of money that the third party has been paid by you during the past three years; and

e.    Please state the taxpayer identification numbers for both you and the third party.

**ANSWER:**

## **AFFIDAVIT**

Dated _____, 2021.      _____

Signature of Agent for Defendant
Federal Insurance Company

**STATE OF _____**

**COUNTY OF _____**

BEFORE ME, the undersigned authority, before me by means of ☐ physical presence or ☐ online notarization the Agent for Defendant, Federal Insurance Company, _____, who is ☐ personally known or ☐ produced identification _____, and who deposed and stated that the information contained in the foregoing Answers to Interrogatories is true and correct, to the best of his/her knowledge and belief.

SWORN AND SUBSCRIBED before me in the aforesaid County and State this _____ day of _____, 2021.

_____

Notary Public
Commission No. _____

(SEAL)

_____

(Name of Notary typed, printed or stamped)
My commission expires: _____

**IN THE CIRCUIT COURT OF THE**
**NINETH JUDICIAL CIRCUIT IN AND**
**FOR ORANGE COUNTY, FLORIDA**

**CASE NUMBER: 2021-CA-10568-O**

**STEPHEN KORSHAK AND ALMA KORSHAK,**

       **Plaintiffs,**

**v.**

**FEDERAL INSURANCE COMPANY,**

       **Defendant.**

_____/

### PLAINTIFFS' AMENDED FIRST REQUEST TO PRODUCE TO DEFENDANT

Through the Undersigned Counsel, and under Florida Rules of Civil Procedure 1.350 and 1.280(a), Plaintiffs Stephen Korshak And Alma Korshak request that Defendant, Federal Insurance Company, furnish copies to Plaintiffs at 350 North Lake Destiny Road, Maitland, Florida, 32751, or via E-Mail, within forty-five (45) days of service of the Complaint herein.

### DEFINITIONS AND INSTRUCTIONS

For purposes of this Request for Production, the following terms and definitions are provided:

1.    Plaintiffs:  The term "Plaintiffs" as used herein shall mean Stephen Korshak and Alma Korshak and their representatives as defined below.

2.    Defendant:  The term "Defendant" shall mean Federal Insurance Company, whether by that name or any other, and its representatives as defined below.

3.    Representatives:  The term "representatives" shall mean any and all present or former partners, agents, employees, servants, officers, directors, attorneys, consultants, sureties, indemnificators, insurers, independent contractors and other persons acting or purporting to act on behalf of the entity referred to.

4.    You and Your:  The terms "you" and "your" shall refer to Defendant (defined above) and any other person or entity acting or purporting to act on its behalf.

5.    Document:  The term "document" shall mean any written, printed, typed or other graphic or photographic matter (including without limitation, photographs, charts, graphs,

microfiche, microfilm, videotapes, recordings and motion pictures and data stored on a computer disc or computer hard drive) and shall include the originals, identical copies and all non-identical copies, whether different from the original by reason of any notation made on each copy or otherwise and shall include, without limiting the generality of the foregoing, all letters, telegrams, teletypes, correspondence, contracts, agreements, notes, mechanical and electronic sound recordings and transcripts thereof (including, without limitation, tapes, cassettes and discs), computer records, computer printouts, other printed matter produced through computers, calendar and diary entries, memoranda, notes and records of all telephone or personal conversations, meetings and other communication, inter-office and intra-office communications, statements, manuals, summaries and compilations, minutes of meetings, charges, maps, reports, analysis, studies, graphs, prospectus, returns, statistics, pamphlets, books, offers, bulletins, order papers, articles, catalogs, records, tables, books of account, ledgers, vouchers, canceled checks, invoices, bills, receipts, tickets, worksheets and all drafts, alterations, modifications and changes to any of the foregoing, as well as all digitally stored and generated documents and notes.

6.      <u>Communication</u>:   The term "communication" as used herein shall mean any contact between or among the parties indicated, including but not limited to, all documents (defined above), telephone or personal conversations, meetings, e-mails or electronic contacts, conferences and discussions.   Once identified, a communication may be subsequently identified by use of a common description.

7.      <u>Identify</u>:   The term "identify" when used with reference to a person shall mean to:

      a.   State the full name of the person;

      b.   State the full name of the last known employer of the person;

      c.   State the last known occupation or title of the person with such employer;

      d.   State the last known business telephone number of the person;

      e.   State the last known home address of the person; and

      f.   State the last known home telephone number of the person.

Once identified, a person may be subsequently identified by uniform use of a standard name.

8.    <u>Identify</u>:  The term "identify" when used with reference to a document shall mean to:

    a.  State a complete description of the document;

    b.  Identify the person who prepared the document;

    c.  State the date on which the document was prepared;

    d.  State the location at which the document was prepared; and

    e.  Identify the person who presently has care, custody and control of the document.

Once identified, a document may be subsequently identified by uniform use of a standard description.

9.    <u>Person</u>:  The term "person" as used herein shall mean a natural person other than an entity and shall be construed to include groups of natural persons.

<u>Instructions</u>

Should Defendant object to a Request to Produce or not respond pursuant to a claim of privilege, the Defendant is required to:

    a.  State the basis of the claim of privilege;

    b.  Identify the subject matter of the information to which a claim of privilege is made;

    c.  Identify all persons or entities who have had access to or claimed to be privileged or were present when the privileged information was discussed, and

    d.  Identify of all persons or entities to which the privileged information has been disclosed.

## PLAINTIFFS' FIRST REQUESTS TO PRODUCE

1.     A true and correct copy of all DEC pages and the full and complete insurance policy(s) referenced in Plaintiffs' Complaint and a sworn statement of a corporate officer of Defendant attesting to the coverage and authenticity of the policy.
       **RESPONSE:**

2.     A copy of any and all other DEC pages and insurance policy(s) which may provide coverage to either Plaintiff for the damages claimed in Plaintiffs' Complaint.
       **RESPONSE:**

3.     A copy of each and every document (defined above) which you reasonably anticipate may be introduced into evidence at the trial of this matter.
       **RESPONSE:**

4.     A copy of any and all documents which you allege may support any affirmative defense which you have raised in this matter.
       **RESPONSE:**

5.     A copy of any and all documents which you allege may support any Motion to Dismiss which you have filed in this matter.
       **RESPONSE:**

6.      Copies of any and all statements, and any transcripts from any person who has knowledge of the facts in this matter including any expert witness or the Defendant (defined above) herein.
        **RESPONSE:**


7.      Copies of any and all recorded statement(s) and telephone conversations, as well as any transcripts for the same which have been reduced to writing and/or transcribed, including but not limited to Examinations Under Oath, which were taken of or provided by any insured or their representatives (defined above) which are in your possession or control.
        **RESPONSE:**


8.      Copies of any and all recorded statement(s) and telephone conversations, as well as any transcripts for the same which have been reduced to writing and/or transcribed, which were taken of or provided by any witness which are in your possession or control.
        **RESPONSE:**


9.      Each and every document, report, chart, graph, object, summary, compilation of data or other thing relied upon by any of your experts, in whole or in part, in the formulation of any opinions and conclusion in this case.
        **RESPONSE:**


10.     Copies of any photographs of Plaintiffs' Property located at 201 Colony Springs Lane, Maitland, FL 32751 which are in your possession or control.
        **RESPONSE:**

11.    Copies of any photographs which reflect any damage at Plaintiffs' Property located at 201 Colony Springs Lane, Maitland, FL 32751 which are in your possession or control.

**RESPONSE:**


12.    Copies of any photographs of any work performed at Plaintiffs' Property located at 201 Colony Springs Lane, Maitland, FL 32751 which are in your possession or control.

**RESPONSE:**


13.    Copies of any and all estimates and damage appraisals and other documents (defined above) referencing damage appraisals regarding Plaintiffs' Property located at 201 Colony Springs Lane, Maitland, FL 32751 which are in your possession or control.

**RESPONSE:**


14.    Copies of any and all documents (defined above) upon which you based any denials of coverage for the loss described in Plaintiffs' Complaint.

**RESPONSE:**


15.    Copies of any and all documents (defined above) upon which you based any denials of all or part of the amount of loss claimed by Plaintiffs.

**RESPONSE:**

16. If there are any denials of insurance coverage being made by Defendant, then copies are requested of any and all applications for insurance, insurance forms, data sheets, correspondence, notices, facsimile, e-mails and other documents (defined above) which reference in any way any the insurance policy at issue in this matter.

    **RESPONSE:**

17. Copies of any and all correspondence, facsimile, notices, e-mails and other documents (defined above) which reference in any way any notices which you provided to Plaintiffs regarding cancellation of the insurance policy at issue in this matter.

    **RESPONSE:**

18. Copies of all PORS, Proof of Mailing and other documents (defined above) which reflect in any way mailings made by you to Plaintiffs regarding cancellation of the policy of insurance at issue in this matter.

    **RESPONSE:**

19. All reports and current curriculum vitae from any expert(s) retained by you for any reason regarding Plaintiffs' claim.

    **RESPONSE:**

20. Any and all e-mails, letters, facsimile, and other correspondence regarding any claims made by Plaintiffs for homeowners' insurance benefits as a result of the wind event of 2/7/2020, including but not limited to, correspondence with experts, independent adjusters, appraisers, inspectors, and any other third party.

    **RESPONSE:**

21.     All documents reflecting any payment made to any person (defined above) or entity for any reason as a result of the wind event described in Plaintiffs' Complaint.

**RESPONSE:**


22.     All books, treaties or authority used by Defendant's adjuster in determining what amount to pay or deny regarding the claim at issue.

**RESPONSE:**


23.     All writings, memoranda, notes or other materials reflecting examination of Plaintiffs' Property by Defendant or its agents.

**RESPONSE:**


24.     All proofs of loss received by Defendant from Plaintiffs.

**RESPONSE:**


25.     All estimates received by Defendant from any source for repairs to Plaintiffs' Property.

**RESPONSE:**


26.     Defendant's latest claims manual or statement of policies and procedures on the processing or handling of homeowner's claims.

**RESPONSE:**

27.    Any training manuals, guides and documents which Defendant has provided to its adjusters regarding adjusting wind damage claims from the past three years to the present.

**RESPONSE:**

28.    Copies of any peer reviews, estimates, or comparative estimates generated by anyone on Defendant's behalf regarding the amount of loss at issue.

**RESPONSE:**

29.    All documents showing the total amount paid during the past three years to any third parties providing services, analyses, or opinions regarding Plaintiffs' claim.

**RESPONSE:**

30.    A copy of the contract/agreement/document (if any) that Defendant has with anyone, including but not limited to contractors, engineers, adjusters, or experts, who may provide testimony at the trial of this matter.

**RESPONSE:**

31.    A copy of each resume, curriculum vitae, and other document listing the qualifications of each and every expert and/or consultant hired by your of on behalf of your who may testify at trial.

**RESPONSE:**

32.    All documents that relate to the drafting, meaning, and interpretation of any language, terms, or provisions, used in the policy at issue.

**RESPONSE:**

33.     Pursuant to Fla. R. Civ. P. 1.310(b)(6), please produce three (3) alternative dates for deposition to occur no earlier than 30 days but no farther than 120 days from service for the deposition of the corporate representative(s) with the most knowledge of the claim asserted by the Plaintiffs' Complaint as well as the individual who was primarily responsible for the decision to deny indemnifying Plaintiffs' amount of loss.  A designation of the information upon which such examination will proceed will be provided under separate cover.

**RESPONSE:**

34.     Copies of any and all notices sent by you or your representatives (defined above) to any insured to participate in a mediation program under Fla. Stat.§ 627.7015 and copies of any and all PORS, Proof of Mailing and other documents (defined above) which reflect in any way mailings made by you to any insured regarding the same.

**RESPONSE:**

## <u>CERTIFICATE OF SERVICE</u>

**I DO HEREBY CERTIFY** that a true and correct copy of this document will be served on the Defendant along with the Summons in this action.

**Dated: December 2, 2021**

*/s/ Dalya Zalloum*
**COHEN LAW GROUP**
Dalya Zalloum, Esq.
*FOR THE FIRM*
Florida Bar Number: 1002903
350 North Lake Destiny Road
Maitland, Florida 32751
Phone: (407) 478-4878
Fax: (407) 478-0204
Primary: dzalloum@itsaboutjustice.law
Secondary: maribel@itsaboutjustice.law

IN THE CIRCUIT COURT OF THE 9TH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

STEPHEN KORSHAK AND ALMA
KORSHAK,

      Plaintiff(s),

v.                                     Case No.: 21-CA-10568-O

FEDERAL INSURANCE COMPANY,

      Defendant.

_____/

**DEFENDANT, FEDERAL INSURANCE COMPANY'S, MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' COMPLAINT AND INITIAL DISCOVERY**

      Defendant, FEDERAL INSURANCE COMPANY, respectfully moves this Court for an extension of time within which to respond to Plaintiffs' Complaint and Initial Discovery Requests and states as follows:

      1.      On December 2, 2021, Defendant, FEDERAL INSURANCE COMPANY, was served with Plaintiffs' Complaint and Initial Discovery Requests First Request for Production, First Request for Admissions, and First Interrogatories ("Initial Discovery Requests").

      2.      The undersigned counsel requires additional time to fully prepare its Response to the Complaint and Responses to Plaintiff's Initial Discovery Requests.

      3.      Defendant requests a 30 day extension to respond to the Complaint and a 30 day extension to respond to Initial Discovery Requests.

      4.      These requests for extension are reasonable under the circumstances, is not sought for the purpose of delay, and will not prejudice any party.

      5.      The undersigned states that he contacted Plaintiffs' counsel on December 14, 2021, to notify them of Federal Insurance Company's request for extension and to inquire if there is any

objection to said request. Despite the undersigned's request, no response was received from Plaintiffs.

WHEREFORE, Defendant, FEDERAL INSURANCE COMPANY, respectfully requests the Court to enter an Order granting an extension of time for Defendant to respond to Plaintiffs' Complaint and Initial Discovery Requests.

Dated: December 17, 2021

Respectfully submitted,

CLAUSEN MILLER P.C.

By: /s/ Douglas Cohen
Douglas M. Cohen, Esq.
Florida Bar No. 40857

2

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing pleading was

filed using the Florida Courts Efiling Portal, which sent notification of such filing to all counsel of

record on December 17, 2021.

> Dalya Zalloum, Esq.
> Cohen Law Group
> 350 North Lake Destiny Road
> Maitland, FL 32751
> dzalloum@itsaboutjustice.law
> maribel@itsaboutjustice.law

> CLAUSEN MILLER P.C.
>
> /s/ *Douglas M. Cohen*
> Douglas M. Cohen, Esq.
> Florida Bar No: 40857
> 4830 West Kennedy Blvd. #600
> Tampa, Florida 33609
> Phone: (813) 519-1013
> dcohen@clausen.com
> lbaez@clausen.com
> *Counsel for Defendant*

7901386.1



CLAUSEN MILLER P.C.
CHICAGO, IL
NEW YORK
CALIFORNIA
NEW JERSEY
INDIANA
WISCONSIN
CONNECTICUT
FLORIDA
**CLAUSEN MILLER LLP**
LONDON, ENGLAND

CMI MILLER INTERNATIONAL
Clausen Miller LLP, LONDON
Clausen Miller P.C.
Grenier Avocats, PARIS
Studio Legale Corapi, ROME
van Cutsem-Wittamer-Marnef & Partners, BRUSSELS

*Attorneys at Law*

4830 West Kennedy Boulevard, Suite 600 • Tampa, FL 33609
www.clausen.com • Tel: 813.509.2578

**Douglas M. Cohen**
**Direct Line: 813.519.1013**
**E-Mail: dcohen@clausen.com**

January 4, 2022

Judge Jeffrey L. Ashton
Orange County Courthouse
425 North Orange Avenue
Orlando, FL 32801
Attention:  Keitra Davis – Judicial Assistant

Re:    **Stephen Korshak and Alma Korshak v. Federal Insurance Company**
       **Case No.: 2021-CA-10568-O**

Dear Judge Ashton:

We represent Federal Insurance Company in the above referenced matter. Enclosed for your review and consideration please find our proposed Agreed Order on Defendant's Motion for Extension of Time to Respond to Plaintiffs' Complaint and Initial Discovery. This Order is agreed to by all counsel.

Should you have any questions, please do not hesitate to contact the undersigned at (813) 519-1013.

Very truly yours,

CLAUSEN MILLER P.C.
/s/ *Douglas M. Cohen*
Douglas M. Cohen, Esq.

Enclosures
Reyhana Ammara Khan, Esq., rkhan@itsaboutjustice.law
Douglas Cohen, Esq., dcohen@clausen.com; csempier@clausen.com; lbaez@clausen.com

7930621.1

IN THE CIRCUIT COURT OF THE 9TH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

STEPHEN KORSHAK AND ALMA
KORSHAK,

     Plaintiff(s),

v.                             CASE NO.: 21-CA-10568-O

FEDERAL INSURANCE COMPANY,

     Defendant.

_____/

## AGREED ORDER ON DEFENDANT, FEDERAL INSURANCE COMPANY'S, MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' COMPLAINT AND INITIAL DISCOVERY

**THIS CAUSE** having come to be considered upon Defendant's Motion for Extension of Time, and the Court being fully advised of an agreement between Counsel on the matter and being otherwise advised in the premises, it is hereby:

**ORDERED AND ADJUDGED** that Defendant's Motion for Extension of Time is **GRANTED**. The Defendant shall have thirty days (30) from the date of this Order to respond to Plaintiffs' Complaint and forty-five days (45) from the date of this Order to respond to Plaintiffs' Initial Discovery.

**DONE AND ORDERED** in Chambers at the Orange County Courthouse, Orlando, Florida this 18th day of January, 2022.

e-signed by Jeffrey Ashton  01/18/2022 15:21:05 AQI4DnKO

Jeffrey L. Ashton
CIRCUIT JUDGE

7907391.1

Copies furnished to:

A copy of the foregoing has been electronically filed with the Clerk of Courts by using the Florida Court E-Filing Portal, which will send a copy to all counsel of record.

Exhibit "5"

# Property Record - 26-21-29-4371-00-240

Orange County Property Appraiser   •
http://www.ocpafl.org

## Property Summary as of 01/21/2022

**Property Name**

201 Colony Springs Ln

**Names**

Korshak Stephen D
Korshak Alma K

**Municipality**

MTL - Maitland

**Property Use**

0103 - Single Fam Class III

**Mailing Address**

201 Colony Springs Ln
Maitland, FL 32751-6102

**Physical Address**

201 Colony Springs Ln
Maitland, FL 32751



**QR Code For Mobile Phone**



201 COLONY SPRINGS LN   10/01/2014



292126437100240   04/28/2006





# Value and Taxes

## Historical Value and Tax Benefits

| Tax Year Values | | Land | | Building(s) | | Feature(s) | | Market Value | Assessed Value |
|---|---|---|---|---|---|---|---|---|---|
| **2021** | ✅ MKT | $150,000 | + | $480,603 | + | $32,000 | = | $662,603 (-.69%) | **$623,544** (1.4%) |
| **2020** | ✅ MKT | $150,000 | + | $484,681 | + | $32,500 | = | $667,181 (-.68%) | **$614,935** (2.3%) |
| **2019** | ✅ MKT | $150,000 | + | $488,759 | + | $33,000 | = | $671,759 (3.4%) | **$601,109** (1.9%) |
| **2018** | ✅ MKT | $140,000 | + | $476,146 | + | $33,500 | = | $649,646 | **$589,901** |

| Tax Year Benefits | | Original Homestead | Additional Hx | Other Exemptions | SOH Cap | Tax Savings |
|---|---|---|---|---|---|---|
| **2021** | ✅ $ HX CAP | $25,000 | $25,000 | $0 | $39,059 | **$1,254** |
| **2020** | ✅ $ HX CAP | $25,000 | $25,000 | $0 | $52,246 | **$1,477** |
| **2019** | ✅ $ HX CAP | $25,000 | $25,000 | $0 | $70,650 | **$1,802** |
| **2018** | ✅ $ HX CAP | $25,000 | $25,000 | $0 | $59,745 | **$1,645** |

## 2021 Taxable Value and Certified Taxes

| Taxing Authority | Assd Value | Exemption | Tax Value | Millage Rate | Taxes | % |
|---|---|---|---|---|---|---|
| Public Schools: By State Law (Rle) | $623,544 | $25,000 | $598,544 | 3.4890 (-3.33%) | **$2,088.32** | 22 % |
| Public Schools: By Local Board | $623,544 | $25,000 | $598,544 | 3.2480 (0.00%) | **$1,944.07** | 21 % |
| Orange County (General) | $623,544 | $50,000 | $573,544 | 4.4347 (0.00%) | **$2,543.50** | 27 % |
| City Of Maitland | $623,544 | $50,000 | $573,544 | 4.3453 (0.00%) | **$2,492.22** | 27 % |
| City Of Maitland Debt Service 2004 | $623,544 | $50,000 | $573,544 | 0.2370 (-6.32%) | **$135.93** | 1 % |
| St Johns Water Management District | $623,544 | $50,000 | $573,544 | 0.2189 (-4.29%) | **$125.55** | 1 % |
| | | | | **15.9729** | **$9,329.59** | |

## 2021 Non-Ad Valorem Assessments

| Levying Authority | Assessment Description | Units | Rate | Assessment |
|---|---|---|---|---|
| There are no Non-Ad Valorem Assessments | | | | |

# Property Features

## Property Description

LAKE COLONY PHASE 1 REPLAT 33/66 LOT 24

## Total Land Area

16,178 sqft (+/-)    |    0.37 acres (+/-)         GIS Calculated

## Land

| Land Use Code | Zoning | Land Units | Unit Price | Land Value | Class Unit Price | Class Value |
|---|---|---|---|---|---|---|
| 0100 - Single Family | PD-RES | 1 LOT(S) | working... | working... | working... | working... |

## Buildings

| Model Code | 01 - Single Fam Residence | Subarea Description | Sqft | Value |
|---|---|---|---|---|
| Type Code | 0103 - Single Fam Class III | BAS - Base Area | 3452 | working... |
| Building Value | working... | FGR - Fin Garage | 800 | working... |
| Estimated New Cost | working... | FOP - F/Opn Prch | 515 | working... |
| Actual Year Built | 1995 | FUS - F/Up Story | 1314 | working... |
| Beds | 5 | | | |
| Baths | 5.0 | | | |
| Floors | 2 | | | |
| Gross Area | 6081 sqft | | | |
| Living Area | 4766 sqft | | | |
| Exterior Wall | Cb.Stucco | | | |
| Interior Wall | Drywall | | | |





## Extra Features

| Description | Date Built | Units | Unit Price | XFOB Value |
|---|---|---|---|---|
| SCR3 - Scrn Enc 3 | 01/01/1995 | 1 Unit(s) | working... | working... |
| PL2 - Pool 2 | 01/01/1995 | 1 Unit(s) | working... | working... |
| FPL3 - Fireplace 3 | 05/10/1995 | 1 Unit(s) | working... | working... |
| SPA2 - Spa 2 | 01/01/1995 | 1 Unit(s) | working... | working... |

# Sales

## Sales History

| Sale Date | Sale Amount | Instrument # | Book/Page | Deed Code | Seller(s) | Buyer(s) | Vac/Imp |
|---|---|---|---|---|---|---|---|
| 12/12/1997 | $600,000 | 1997046963 | 05389 / 0210 | Warranty Deed | Smith Glenn E<br>Smith Sheila J | Korshak Stephen D<br>Korshak Alma K | Improved |
| 06/06/1995 | $574,900 | 1995525947 | 04904 / 2108 | Warranty Deed | J Richard Watson Construction Co Inc | Smith Glenn E<br>Smith Sheila J | Improved |
| 10/25/1994 | $91,900 | 1994504844 | 04814 / 4877 | Warranty Deed | Lake Colony Inc The | J Richard Watson Construction Co Inc | Vacant |
| 09/16/1994 | $12,000 | 1994503045 | 04807 / 2404 | Special Warranty Multiple | | | Vacant |

## Similar Sales

| Address | Sale Date | Sale Amount | $/SQFT | Deed Code | Beds/Baths | Instrument # | Book/Page |
|---|---|---|---|---|---|---|---|
| 1211 E Lake Colony Dr | 07/28/2021 | $995,000 | $216 | Warranty Deed | 5/5 | 20210474666 / | |
| 107 E Lake Colony Dr | 04/02/2021 | $795,000 | $183 | Warranty Deed | 3/6 | 20210203417 / | |
| 103 W Lake Colony Dr | 03/31/2021 | $815,000 | $167 | Warranty Deed | 5/5 | 20210190836 / | |

# Services for Location

## TPP Accounts At Location

| Account | Market Value | Taxable Value |
|---|---|---|

There are no TPP Accounts associated with this parcel.

## Schools

Edgewater (High School)

| | |
|---|---|
| **Principal** | Heather Haas Kreider |
| **Office Phone** | 407.835.4900 |
| **Grades** | 2019: B  \|  2018: I  \|  2017: C |

Lake Sybelia (Elementary)

| | |
|---|---|
| **Principal** | John Dobbs |
| **Office Phone** | 407.623.1445 |
| **Grades** | 2019: C  \|  2018: C  \|  2017: C |

Maitland (Middle School)

| | |
|---|---|
| **Principal** | Aski Melik Derome Brown |
| **Office Phone** | 407.623.1462 |
| **Grades** | 2019: A  \|  2018: B  \|  2017: B |

## Community/Neighborhood Association

| | |
|---|---|
| **Name** | The Colony of the Lake Homeowners Association, Inc. |
| **Gated?** | Yes |
| **Number Of Households** | 52 |

## Utilities/Services

| | |
|---|---|
| **Electric** | Duke Energy |
| **Water** | Maitland |
| **Recycling (Friday, Tuesday)** | Maitland |
| **Trash (Friday, Tuesday)** | Maitland |
| **Yard Waste (Wednesday)** | Maitland |

## Elected Officials

| | |
|---|---|
| School Board Representative | Karen Castor Dentel |
| State Senate | Randolph Bracy |
| County Commissioner | Emily Bonilla |
| State Representative | Joy Goff-Marcil |
| US Representative | Stephanie Murphy |
| Orange County Property Appraiser | Amy Mercado |

## Nearby Amenities (1 mile radius)

| | |
|---|---|
| **ATMS** | 1 |
| **Banks & Financial Institutions** | 5 |
| **Barber Shops** | 3 |
| **Beauty Salons** | 3 |
| **Child Daycare** | 5 |
| **Dentists Offices** | 2 |
| **Dry Cleaners** | 1 |
| **Gas Stations** | 1 |
| **Gyms & Fitness** | 1 |
| **Nail Salons** | 1 |
| **Optometrists Offices** | 2 |
| **Restaurants** | 21 |

# Market Stats

## Sales Within Last 1 Year

Lake Colony Ph 1 Rep

**Sales Within Last 6 Months**          **Sales Between 6 Months To One Year**

| | **Sales Within Last 6 Months** | | | **Sales Between 6 Months To One Year** | | | |
|---|---|---|---|---|---|---|---|
| | **Count** | **Median** | **Average** | **Volume** | **Count** | **Median** | **Average** | **Volume** |
| **Single Family Residential** | 1 | $995,000 ($216/SqFt) | $995,000 ($216/SqFt) | $995,000 | 2 | $805,000 ($175/SqFt) | $805,000 ($175/SqFt) | $1,610,000 |

Lake Colony (All Phases)

| | **Sales Within Last 6 Months** | | | **Sales Between 6 Months To One Year** | | | |
|---|---|---|---|---|---|---|---|
| | **Count** | **Median** | **Average** | **Volume** | **Count** | **Median** | **Average** | **Volume** |
| **Single Family Residential** | 1 | $995,000 ($216/SqFt) | $995,000 ($216/SqFt) | $995,000 | 2 | $805,000 ($175/SqFt) | $805,000 ($175/SqFt) | $1,610,000 |

**BUSINESS INFORMATION**
CONNIE LAWSON
INDIANA SECRETARY OF STATE
10/01/2020 10:40 AM

## Business Details

| | | | |
|---|---|---|---|
| Business Name: | **FEDERAL INSURANCE COMPANY** | Business ID: | **1990030429** |
| Entity Type: | **Domestic Insurance Corporation** | Business Status: | **Active** |
| Creation Date: | **03/07/1990** | Inactive Date: | |
| Principal Office Address: | **251 North Illinois Suite 1100, INDPLS, IN, 46204, USA** | Expiration Date: | **Perpetual** |
| Jurisdiction of Formation: | **Indiana** | Business Entity Report Due Date: | |
| | | Years Due: | |

## Principal Information

| Title | Name | Address |
|---|---|---|
| President | Dean Raymond O' Hare | 15 Mountain View Road, WARREN, NJ, 07061, USA |
| Secretary | Henry G. Gulick | 15 Mountain View Road, WARREN, NJ, 07061, USA |

## Registered Agent Information

| | |
|---|---|
| Type: | **Business Commercial Registered Agent** |
| Name: | **C T CORPORATION SYSTEM** |
| Address: | **334 North Senate Avenue, Indianapolis, IN, 46204, USA** |

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| **(b)**   County of Residence of First Listed Plaintiff _____ <br> *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant _____ <br> *(IN U.S. PLAINTIFF CASES ONLY)* <br> NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF <br> THE TRACT OF LAND INVOLVED. |
| **(c)**   Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
        Plaintiff

☐ 2   U.S. Government
        Defendant

☐ 3   Federal Question
        *(U.S. Government Not a Party)*

☐ 4   Diversity
        *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                                                      *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place <br> of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place <br> of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a <br> Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment <br>  & Enforcement of Judgment <br> ☐ 151 Medicare Act <br> ☐ 152 Recovery of Defaulted <br>  Student Loans <br>  (Excludes Veterans) <br> ☐ 153 Recovery of Overpayment <br>  of Veteran's Benefits <br> ☐ 160 Stockholders' Suits <br> ☐ 190 Other Contract <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | **PERSONAL INJURY** <br> ☐ 310 Airplane <br> ☐ 315 Airplane Product <br>  Liability <br> ☐ 320 Assault, Libel & <br>  Slander <br> ☐ 330 Federal Employers' <br>  Liability <br> ☐ 340 Marine <br> ☐ 345 Marine Product <br>  Liability <br> ☐ 350 Motor Vehicle <br> ☐ 355 Motor Vehicle <br>  Product Liability <br> ☐ 360 Other Personal <br>  Injury <br> ☐ 362 Personal Injury - <br>  Medical Malpractice | ☐ 625 Drug Related Seizure <br>  of Property 21 USC 881 <br> ☐ 690 Other | ☐ 422 Appeal 28 USC 158 <br> ☐ 423 Withdrawal <br>  28 USC 157 <br><br> **PROPERTY RIGHTS** <br> ☐ 820 Copyrights <br> ☐ 830 Patent <br> ☐ 835 Patent - Abbreviated <br>  New Drug Application <br> ☐ 840 Trademark | ☐ 375 False Claims Act <br> ☐ 376 Qui Tam (31 USC <br>  3729(a)) <br> ☐ 400 State Reapportionment <br> ☐ 410 Antitrust <br> ☐ 430 Banks and Banking <br> ☐ 450 Commerce <br> ☐ 460 Deportation <br> ☐ 470 Racketeer Influenced and <br>  Corrupt Organizations <br> ☐ 480 Consumer Credit <br>  (15 USC 1681 or 1692) <br> ☐ 485 Telephone Consumer <br>  Protection Act <br> ☐ 490 Cable/Sat TV |
| **REAL PROPERTY** | **PERSONAL INJURY** <br> ☐ 365 Personal Injury - <br>  Product Liability <br> ☐ 367 Health Care/ <br>  Pharmaceutical <br>  Personal Injury <br>  Product Liability <br> ☐ 368 Asbestos Personal <br>  Injury Product <br>  Liability <br> **PERSONAL PROPERTY** <br> ☐ 370 Other Fraud <br> ☐ 371 Truth in Lending <br> ☐ 380 Other Personal <br>  Property Damage <br> ☐ 385 Property Damage <br>  Product Liability | **LABOR** <br> ☐ 710 Fair Labor Standards <br>  Act <br> ☐ 720 Labor/Management <br>  Relations <br> ☐ 740 Railway Labor Act <br> ☐ 751 Family and Medical <br>  Leave Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Employee Retirement <br>  Income Security Act | **SOCIAL SECURITY** <br> ☐ 861 HIA (1395ff) <br> ☐ 862 Black Lung (923) <br> ☐ 863 DIWC/DIWW (405(g)) <br> ☐ 864 SSID Title XVI <br> ☐ 865 RSI (405(g)) <br><br> **FEDERAL TAX SUITS** <br> ☐ 870 Taxes (U.S. Plaintiff <br>  or Defendant) <br> ☐ 871 IRS—Third Party <br>  26 USC 7609 | ☐ 850 Securities/Commodities/ <br>  Exchange <br> ☐ 890 Other Statutory Actions <br> ☐ 891 Agricultural Acts <br> ☐ 893 Environmental Matters <br> ☐ 895 Freedom of Information <br>  Act <br> ☐ 896 Arbitration <br> ☐ 899 Administrative Procedure <br>  Act/Review or Appeal of <br>  Agency Decision <br> ☐ 950 Constitutionality of <br>  State Statutes |
| ☐ 210 Land Condemnation <br> ☐ 220 Foreclosure <br> ☐ 230 Rent Lease & Ejectment <br> ☐ 240 Torts to Land <br> ☐ 245 Tort Product Liability <br> ☐ 290 All Other Real Property | **CIVIL RIGHTS** <br> ☐ 440 Other Civil Rights <br> ☐ 441 Voting <br> ☐ 442 Employment <br> ☐ 443 Housing/ <br>  Accommodations <br> ☐ 445 Amer. w/Disabilities - <br>  Employment <br> ☐ 446 Amer. w/Disabilities - <br>  Other <br> ☐ 448 Education | **PRISONER PETITIONS** <br> **Habeas Corpus:** <br> ☐ 463 Alien Detainee <br> ☐ 510 Motions to Vacate <br>  Sentence <br> ☐ 530 General <br> ☐ 535 Death Penalty <br> **Other:** <br> ☐ 540 Mandamus & Other <br> ☐ 550 Civil Rights <br> ☐ 555 Prison Condition <br> ☐ 560 Civil Detainee - <br>  Conditions of <br>  Confinement | **IMMIGRATION** <br> ☐ 462 Naturalization Application <br> ☐ 465 Other Immigration <br>  Actions |  |

## V.  ORIGIN *(Place an "X" in One Box Only)*

☐ 1   Original
        Proceeding

☐ 2   Removed from
        State Court

☐ 3   Remanded from
        Appellate Court

☐ 4   Reinstated or
        Reopened

☐ 5   Transferred from
        Another District
        *(specify)*

☐ 6   Multidistrict
        Litigation -
        Transfer

☐ 8   Multidistrict
        Litigation -
        Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____

Brief description of cause:
_____

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
    UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:

JURY DEMAND:        ☐ Yes    ☐ No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)    Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)    County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)    Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.    Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.    Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.